BARBARA W. ALLEN v. MILTON B. ALLEN

No. 7014DC129

(Filed 1 April 1970)

1. **Divorce and Alimony § 22— modification of child custody or support order**

A court order affecting the custody or support of a minor child may be modified or vacated at any time upon motion in the cause and a showing of changed circumstances by either party or anyone interested. G.S. 50-13.7(a).

2. **Divorce and Alimony § 23— modification of child support — burden of proof**

The original decree ordering the payment of money for child support is an adjudication by the court as to what was reasonable and proper at the time it was made, and the party requesting modification of such decree has the burden of proving, by preponderance of the evidence, that a material change of circumstances has occurred.

**3. Appeal and Error § 57—— appellate review of findings of fact**

The trial court's findings of fact are conclusive if supported by any competent evidence, and a judgment supported by such findings will be affirmed on appeal.

**4. Appeal and Error § 57—— sufficiency of findings to support judgment — immaterial findings unsupported by evidence**

Ordinarily, when the findings which are supported by competent evidence are sufficient to support the judgment, the judgment will not be disturbed because another finding which does not affect the conclusions is not supported by the evidence.

**5. Divorce and Alimony § 23—— amount of child support — discretion of court**

The amount which a father should pay for the support of his child is a matter for the trial judge's determination, reviewable only in case of an abuse of discretion.

**6. Divorce and Alimony § 23—— denial of increase in child support — material finding of fact unsupported by evidence**

Where trial court's order denying motion of plaintiff mother for an increase in defendant father's payments for child support was based in part on a finding of fact that the mother has a net income of $1100 each month in addition to money paid by defendant, which finding was unsupported by the evidence, the cause must be remanded for proper findings and determination thereon as to whether the child support payments should be increased.

APPEAL by plaintiff from *Moore, District Judge,* 29 September 1969 Session of DURHAM County District Court.

Plaintiff and defendant were married on 4 August 1956. One child was born of this marriage. The parties were subsequently divorced. Plaintiff thereafter married and was subsequently divorced from Dan K. Edwards. One child was born of this later marriage. Both children are in the custody of the plaintiff who lives in Alexandria, Virginia. A judgment entered in the Durham County Civil Court on 7 October 1959 provided, among other things, that defendant was to pay $22.50 each week for the benefit and support of the minor child born of the marriage of the parties.

On 16 September 1969 plaintiff filed a motion in the cause alleging that the defendant was several hundred dollars in arrears; that defendant's income had substantially increased and that the amount necessary to support the child had substantially increased. Plaintiff asked that the defendant be required to show cause; (1) why he should not be held in contempt for failure to comply with the court order, (2) why the payments theretofore ordered should not be in-

creased and (3) why the court should not make an allowance to plaintiff's attorney for the prosecution of the matter.

The motion was heard in the district court on 29 September 1969. Both parties were represented by counsel and presented evidence. The district judge entered an order which required the defendant to pay four hundred ($400.00) dollars before 1 November 1969 and after that date to continue to make weekly payments of twenty-two and 50/100 ($22.50) dollars pursuant to the judgment entered 7 October 1959 in Durham Civil Court. The judge denied plaintiff's prayer for counsel fees. Plaintiff appeals.

*Newsom, Graham, Strayhorn & Hedrick by Ralph N. Strayhorn and E. C. Bryson, Jr., for plaintiff appellant.*

*Norman E. Williams for defendant appellee.*

VAUGHN, J.

[1, 2] A court order affecting the custody or support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested. G.S. 50-13.7(a). The original decree ordering the payment of money is an adjudication of the court as to what was reasonable and proper at the time it was made. The burden of proving, by preponderance of the evidence, that a material change in the circumstances has occurred, is upon the party requesting the modification. 2 Lee, N. C. Family Law, § 153, p. 230.

[3, 6] The court's findings of fact are conclusive if supported by any competent evidence and a judgment supported by such findings will be affirmed. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 223. Plaintiff contends that so much of the following finding of fact as appears in brackets is not supported by the evidence.

"3. That the defendant, Milton B. Allen, has an income of about Sixty-One Hundred ($6,100.00) Dollars per year after deductions and [the Court concludes that the Twenty-Two and 50/100 ($22.50) Dollars per week payment will be a fair and equitable amount to allot for the support of his minor child, Anna Maria Allen, and at the time will not increase the amount of weekly support in that plaintiff in this action has an income of approximately Eleven Hundred and no/100 ($1,100.00) Dollars each month after deductions over and above any money paid in by Milton B. Allen, the defendant];"

Insofar as the exception relates to the income of the plaintiff, it is

well taken. The only evidence relating to funds received by the plaintiff, other than those paid by defendant, tends to show: that from a gross $140.00 per week, her weekly take home pay is $105.83; that she receives $300.00 per month from Dan K. Edwards and that she receives between four and five hundred dollars each year from her father. It is evident, therefore, that the finding, ". . . that plaintiff . . . has an income of approximately Eleven Hundred and no/100 ($1,100.00) Dollars each month after deductions over and above any money paid by the defendant . . ." is not supported by evidence.

[4]   Ordinarily, when the findings which are supported by competent evidence are sufficient to support the judgment, the judgment will not be disturbed because another finding which does not affect the conclusions is not supported by the evidence. *King v. Insurance Company*, 258 N.C. 432, 128 S.E. 2d 849. Here, however, we cannot say that the erroneous calculation did not affect the actions of the trial judge when he declined to increase the weekly payments of the defendant.

All the other findings of fact, properly excepted to, are supported by competent evidence and will not be disturbed. Plaintiff's remaining assignments of error are overruled.

[5, 6]   We do not suggest that the trial judge should have ordered or abused his discretion when he declined to order, an increase in defendant's payments, especially in view of defendant's earnings. It is well settled that the amount which a father should pay for the support of his child is a matter for the trial judge's determination, reviewable only in case of an abuse of discretion. *Teague v. Teague*, 272 N.C. 134, 157 S.E. 2d 649. Here, however, the exercise of such discretion was based in part on a material finding of fact not supported by the evidence. The order appealed from is vacated and the cause is remanded for proper findings and determination pursuant to law.

Vacated and remanded.

MALLARD, C.J., and MORRIS, J., concur.