SHERRILL v. SHERRILL

CAROLYN GASH SHERRILL v. CLAUDE A. SHERRILL

No. 7028SC299

(Filed 15 July 1970)

1. **Divorce and Alimony §§ 19, 23— modification of alimony and support decree — husband's change of occupation — findings of good faith**

   A husband who sought modification of an alimony and support decree on the ground that he was changing his occupation on account of a diabetic condition and expected a reduction in income could not complain that the trial court made no finding as to his good or bad faith in changing his occupation, where the husband made no request for such a finding.

2. **Divorce and Alimony §§ 19, 23— modification of alimony and support decree — change of conditions — burden of proof**

   A husband who sought modification of an alimony and support decree on the ground that he was changing his occupation and expected a reduction in income assumed the burden of showing that circumstances had

changed between the time of the decree and the time of the hearing upon his motion.

**3. Divorce and Alimony § 23—     custody and support of children — polar star rule**

The welfare of the children is the "polar star" in matters of custody and maintenance, yet common sense and common justice dictate that the ultimate object in such matters is to secure support commensurate with the needs of the children and the ability of the father to meet the needs.

**4. Divorce and Alimony §§ 19, 23—     modification of alimony and support decree — sufficiency of order**

A husband who sought modification of an alimony and support decree on the ground that he was changing his occupation on account of a diabetic condition and expected a reduction in income failed to show that the trial court erred in refusing to modify the decree.

APPEAL by defendant from *Hasty, J.,* 9 February 1970 Session of the BUNCOMBE County Superior Court.

A consent judgment was entered by Judge Frank Snepp on 4 February 1969 awarding alimony to the plaintiff Carolyn Sherrill in the amount of $75.00 per month for four years and the sum of $400.00 per month for support of their three minor children, and the defendant was authorized to proceed with his action for an absolute divorce. In a petition filed 21 January 1970, the defendant requested that the court modify the above judgment. He alleged that he had been engaged in the practice of dentistry in Asheville at the time of the above judgment and decree; that he has diabetes mellitus and is advised that certain degenerative changes may take place in the future which would make it inadvisable for him to continue the practice of dentistry; that because of this information, petitioner determined that he would enter the graduate school of the University of Michigan to pursue studies leading to a degree of Doctor of Philosophy in the field of dental materials and metallurgy; that with this preparation, he would then teach in the field of dentistry; that this would provide him with a longer period of productive employment than would the actual private practice of dentistry; that his adjusted gross income in 1969 was $17,322.00; that his stipend at Michigan would be $6,000.00 per year plus $500.00 per year per dependent; that this is now his sole income while he pursues his studies; that the plaintiff was now employed; that he now seeks to have the judgment of 4 February 1969 modified to provide that the permanent alimony be reduced from $75.00 per month to $50.00, and that the support payments for his three minor children be reduced from $400.00 per month to $225.00.

Plaintiff answered the petition and alleged that the diabetic condition had been in existence some time before the decree of 4 February 1969; she denied that the decision of defendant to pursue further his studies in the field of dentistry was caused by his physical condition; she is employed as student counsellor at a high school and such employment was contemplated at the time of the judgment in order to provide the necessary living expenses; and that she and the children presently required some $972.00 a month to subsist (as itemized in an attached schedule). In that schedule attached to the answer she showed a net income of $351.00 a month from her employment.

The evidence of the defendant tended to support his allegations that he was a diabetic and had been at least 14 years, and he had the future prospects of a diabetic; that there was a possibility of degenerative changes — mainly circulatory and related problems — in his physiological makeup which would limit his active practice of dentistry, and that an academic atmosphere would be more acceptable. Defendant testified that he did not now own property other than a Volkswagen automobile, his dental equipment (chairs, x-ray, drilling equipment, etc.) which had a "lien" on it to cover a loan from his father, and assorted other personal property that he is presently using in his studies. He testified that his 1969 income taxes of some $2,100.00 were still outstanding, and his bank account amounted to about $300.00 on 9 February 1970. It was admitted that he had complied with the judgment and was current with its provisions.

Prior to offering any evidence, the defendant withdrew his petition to modify the alimony payments to the plaintiff and sought only to modify the provision of the previous judgment for child support. At the conclusion of the defendant's evidence, Judge Hasty found as a fact that there had been no substantial change, degeneration or modification in the defendant's physical condition and general health since the entry of the judgment; that the defendant's decision to terminate his dental practice and enroll as a student was not caused by any change in his physical condition and general health which had occurred since the previous judgment; that the defendant had not shown substantial change in his earning capacity, in the amount of support required by his children, nor any other substantial change of condition which would support the conclusion that the best interests of the children require modification of the previous judgment by a reduction in their support payments. Based upon these findings, Judge Hasty denied any modification of the

previous judgment. Defendant appealed from this order of Judge Hasty.

*Gudger, Erwin and Crow by Lamar Gudger for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes and Hyde by Herbert L. Hyde and Emerson D. Wall for defendant appellant.*

CAMPBELL, J.

**[1]**　Defendant asserts error for that Judge Hasty failed to make a finding as to the good faith of the defendant in changing from the active practice of dentistry to a student and thereby reducing his income. The defendant asserts that if this change was brought about in good faith, then a change of condition justifying a modification of the previous judgment was established. The defendant made no request of Judge Hasty in this regard, and in the absence of such a request it was not error not to make a finding as to the good or bad faith of the defendant in changing his occupation. The defendant further asserts as error the failure of Judge Hasty to make a finding with regard to whether the plaintiff's employment subsequent to the February 1969 judgment constituted such a change of circumstances as to afford relief to the defendant and justify a reduction in the payments by the defendant for the support of his children. Again, the defendant failed to request such a finding when he had ample opportunity to do so. "The primary obligation for support of a minor child rests upon the father." *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227 (1963).

**[2, 3]**　When the defendant moved that the previous judgment be modified, he assumed the burden of showing that circumstances had changed between the time of the judgment and the time of the hearing upon his motion. The welfare of the children is the "polar star" in the matters of custody and maintenance, yet common sense and common justice dictate that the ultimate object in such matters is to secure support commensurate with the needs of the children and the ability of the father to meet the needs. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967).

**[4]**　The defendant had the burden of establishing the change of conditions. The defendant relies on *Nelson v. Nelson,* 225 Ore. 257, 357 P. 2d 536, 89 A.L.R. 2d 1 (1960). In that case it is stated:

"The sole question presented on appeal is the validity of the court's assumption that such a voluntary change in position precludes a modification of a support decree."

In the instant case, the defendant fails to establish that Judge Hasty, in refusing to modify the previous judgment, acted on an assumption that the defendant's voluntary change in position precluded such a modification. Judge Hasty found "that the defendant has not shown substantial change in his earnings (*sic*) capacity, substantial change in the amount of support required by his children, nor any other substantial change of condition such as would support the conclusion that the best interests of the children of the parties require modification of the Consent Judgment of February 4, 1969, by reduction of child support provision of the said judgment."

The findings of Judge Hasty were supported by the evidence and will not be disturbed on appeal. *Allen v. Allen,* 7 N.C. App. 555, 173 S.E. 2d 10 (1970).

Affirmed.

BRITT and VAUGHN, JJ., concur.