ROSS G. SHOOK AND WIFE, RUTH H. SHOOK, AND ROY JUNIOR
PEAVY v. MARY W. PEAVY AND THE IREDELL COUNTY DE-
PARTMENT OF SOCIAL SERVICES

No. 7422DC531

(Filed 3 October 1974)

1. **Infants § 11— hearing to determine child neglect — right of custodian to be heard**

    In a hearing to determine whether a child is neglected, the
    child or his parents, guardian or custodian has the opportunity to
    present evidence if they desire to do so; therefore, plaintiffs Shook,
    who the parties stipulated were the "custodians of the child" whose
    custody was at issue, had a right to be heard at the hearing to deter-
    mine neglect of the child. G.S. 7A-285.

2. **Infants § 9; Parent and Child § 1— custodian of child — person in loco parentis — definitions**

    A custodian is a person or agency that has been awarded legal
    custody of a child by a court, or a person other than parents or legal
    guardian who stands *in loco parentis* to a child; a person *in loco paren-
    tis* may be defined as one who has assumed the status and obligations
    of a parent without a formal adoption. G.S. 7A-278(7).

3. **Courts § 16— custody of child — no appeal from one district judge to another**

    While the general rule is that no appeal lies from an order of one
    district judge to another, that rule was inapplicable in this child cus-
    tody proceeding where an original order declaring a child neglected
    was the result of a hearing in which custody was not properly brought
    to issue or determined.

APPEAL by defendants from *Cornelius, District Judge,* 4
March 1974 Session of District Court held in IREDELL County.

This is a civil action instituted 8 March 1974 wherein plain-
tiffs sought custody of the infant, Terry Wayne Peavy, and a
temporary custody order.

The trial court made the following pertinent findings and
conclusions:

"1. That on March 8, 1974 the plaintiffs filed a verified
    Complaint seeking custody of a minor child; namely,
    Terry Wayne Peavy.

2. That said Complaint, being verified is considered by this
    Court to be an affidavit.

*       *       *

4. That the said minor child resided with the plaintiffs,
    Ross G. Shook and wife, Ruth H. Shook, from on or

Shook v. Peavy

about August 31, 1973, until February 28, 1974, when the said child was turned over to the Iredell County Department of Social Services pursuant to the petition of said department alleging that the child was neglected by its parents and was not legally placed with the plaintiffs.

5. That on February 28, 1974, the issue of whether custody should be awarded to the plaintiffs was not litigated or heard.

6. That a hearing as to whether the custody of said child should be placed with the plaintiffs will be scheduled pursuant to a Notice of Hearing filed this date.

7. That in view of the said minor child having resided for such a lengthy period of time with the plaintiffs and thereby establishing a stable relationship and residence with the plaintiffs, it appears to the Court that custody of the said child should be vested in the plaintiffs pending a full hearing pursuant to the cause filed by the plaintiffs and that placing temporary custody of the child with the plaintiffs would best serve the interests of said child.

\*    \*    \*

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Iredell County Department of Social Services immediately return Terry Wayne Peavy to the custody of the plaintiffs . . . until a final determination is made in the cause."

*Collier, Harris, Homesley, Jones & Gaines, by Walter H. Jones, Jr., for plaintiffs appellees.*

*Pope, McMillan & Bender, by W. H. McMillan, for defendants appellants.*

MARTIN, Judge.

Defendants argue that the temporary custody order of 8 March 1974, should be vacated in that it overrules an earlier order by another district judge, made on 28 February 1974, pursuant to a petition by the Department of Social Services to declare Terry Wayne Peavy a neglected child.

Shook v. Peavy

In its 8 March order, the trial court found "That on February 28, 1974, the issue of whether custody should be awarded to plaintiffs was not litigated or heard." Furthermore, the parties to this action stipulated that plaintiffs sought to introduce evidence at the 28 February hearing but the court declined to hear further evidence after defendant (then petitioner) had put on its evidence.

[1, 2] G.S. 7A-285 discusses the type of hearing which should take place in determining whether a child is neglected. It provides in part that "The child or his parents, guardian or custodian shall have an opportunity to present evidence if they desire to do so, or they may advise the court concerning the disposition which they believe to be in the best interest of the child." G.S. 7A-278 (7) defines custodian as a "person or agency that has been awarded legal custody of a child by a court, or a person other than parents or legal guardian who stands in loco parentis to a child." "The term 'in loco parentis' means in the place of a parent, and a 'person in loco parentis' may be defined as one who has assumed the status and obligations of a parent without a formal adoption." 67 C.J.S., "Parent and Child," § 71, p. 803. The parties have stipulated that the Shooks were the "custodians of the child." Clearly, the Shooks had a right to be heard at the 28 February hearing.

[3] Defendants point out the general rule that no appeal lies from an order of one district judge to another. We do not argue with this statement. We just do not think it is applicable to the situation before us. We have said in *In re Holt*, 1 N.C. App. 108, 160 S.E. 2d 90 (1968), that "[W]here custody and support has not been brought to issue or determined, the custody and support issue may be determined in an independent action in another court." Accord, *Wilson v. Wilson*, 11 N.C. App. 397, 181 S.E. 2d 190 (1971). Since the 28 February 1974 order declaring the child neglected was the result of a hearing in which custody was not properly brought to issue or determined, we fail to see how it has been overruled by the later custody order of 8 March 1974.

It is ordered that this opinion be certified forthwith to the Iredell County District Court.

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.