STATE OF NORTH CAROLINA v. DEBRA PITTARD

No. 7912SC871

(Filed 18 March 1980)

Assault and Battery § 4; Parent and Child § 1— assault on child at day care center —no defense of standing in loco parentis—no defense of teacher and student relation

In a prosecution of an employee of a church day care center for assaulting a two year old child enrolled at the center by striking the child with her hands and a paddle, defendant was not entitled to assert the defense that she stood in *loco parentis* to the child since that relationship is established only when the person with whom the child is placed intends to assume the status of a parent by taking on the obligations incidental to the parental relationship, particularly that of support and maintenance. Nor was there evidence upon which defendant could assert the defense that her conduct was privileged because her relationship with the child was that of teacher and student where defendant's duties at the day care center were entirely custodial in nature and carried none of the attributes of teaching, and the evidence did not show that she possessed any of the credentials of a teacher.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 15 May 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 February 1980.

Defendant was charged in a warrant with assaulting Valerie Beasley, a child of two years of age, in violation of G.S. 14-33(b)(3). The jury returned a verdict of guilty, and defendant was given a suspended sentence and placed on probation.

The State's evidence showed that Valerie was enrolled by her mother, Mrs. Marilyn Beasley, at the College Lakes Baptist Church Day Care Center in Fayetteville. The center is operated by the church, under the direction of Linda Smith. At approximately 7:30 a.m. on 1 March 1979, Mrs. Beasley left Valerie at

the center. At about 2:30 p.m., Mrs. Beasley picked Valerie up at the center, following a call from there. Valerie had been ill with an ear infection. Mrs. Beasley took her directly to the office of Dr. John C. Pollard. At Dr. Pollard's office, Mrs. Beasley discovered numerous bruises and contusions about Valerie's body and legs. Dr. Pollard, upon observing the marks, informed the Cumberland County Child Protective Service. As a result of his call, an investigation was conducted by Deputy Kenneth Nix of the Cumberland County Sheriff's Department. His investigation disclosed that on 1 March 1979, Valerie had been spanked or struck by five women employed at the center, using either their hands or a paddle composed of two paint sticks taped together. Defendant was one of those using both her hands and the paddle in striking Valerie. Following his investigation, Deputy Nix charged all five with assault.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Ben G. Irons II, for the State.*

*Pope, Reid, Lewis & Deese, by Marland C. Reid, for defendant appellant.*

WELLS, Judge.

Defendant's assignments of error are geared to the basic proposition that a relationship of teacher-student existed between defendant and Valerie and that defendant stood *in loco parentis* to Valerie while she was present at the center. Defendant argues that in such a relationship, the punishment she administered to Valerie was justified for corrective and disciplinary reasons. Defendant maintains that if she stood *in loco parentis* to Valerie or if there was a relationship of teacher-student, the jury could not find her guilty of assault unless it found either that the punishment was administered with malice and not in good faith from motives of duty, or that it resulted in permanent injury.

Defendant admits that she spanked and struck Valerie on the day in question. We need not, therefore, dwell on the elemental aspects of the offense of assault. We will instead direct our attention to defendant's principal argument that she was Valerie's teacher and stood *in loco parentis*. Defendant offered her own testimony and that of Linda Smith, the center's director, and Rev. Bobby Glenn Smith, the minister of the church, to show that a

State v. Pittard

relationship of teacher-student existed and to show the center's policy with respect to discipline and corporal punishment. Upon objection of the District Attorney, the trial court excluded all such testimony. The excluded portion of Debra Pittard's testimony would have shown that her duties at the center were entirely custodial in nature. She offered no testimony whatsoever as to her qualifications as a teacher or as to any duty or responsibility she was given involving teaching. Linda Smith did not testify or offer any testimony as to defendant's qualifications as an employee or her duties at the center. Rev. Smith would have testified that it was the policy of the church and the center to administer physical punishment to small children in their care and that Valerie's parents were informed of this policy prior to the day she was spanked or struck by defendant. Rev. Smith offered no testimony as to defendant's qualifications or duties.

Defendant was not entitled to assert the defense that she stood *in loco parentis* to Valerie. The relationship of *in loco parentis* does not arise from the mere placing of a child in the temporary care of other persons by a parent or guardian of such child. This relationship is established only when the person with whom the child is placed intends to assume the status of a parent—by taking on the obligations incidental to the parental relationship, particularly that of support and maintenance. *See, Shook v. Peavy,* 23 N.C. App. 230, 208 S.E. 2d 433 (1974); 67A C.J.S., Parent and Child §§ 153-156, pp. 548-553 (1978); 59 Am. Jur. 2d, Parent and Child § 88, p. 185 (1971); 3 Lee, N.C. Family Law § 238, pp. 98-100 (1963).

There was no evidence upon which defendant could assert the defense that her conduct was privileged because her relationship with Valerie was that of teacher and student. Her employment at the center carried with it none of the attributes of teaching nor did the evidence show that she possessed any of the credentials of a teacher.

No error.

Judges MARTIN (Robert M.) and ERWIN concur.