## SELTZER *v.* SELTZER

[No. 312, September Term, 1967.]

*Decided October 8, 1968.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Arthur A. Anderson, Jr.* for appellant.

*Eugene M. Lerner* for appellee.

PER CURIAM.

Appellant complains to us because the trial judge required him to pay a previously ordered alimony award to his former wife and a similar award for support of the minor children of the parties.

Appellee, without the consent of the lower court or appellant, took the children to Italy in October, 1966, where they remained until the summer of 1967.

Appellant contends he should not be ordered to make payments for the support of his children during the time they were in Italy. He also contends that he should not be obliged to pay his former wife alimony for the same period because she took the children to Europe without the consent of the lower court, thereby denying appellant visitation.

Appellant had a continuing common law obligation to support his children. *Kriedo v. Kriedo,* 159 Md. 229, 150 A. 720 (1930). This responsibility does not necessarily terminate when the child is not within the jurisdiction. *State v. James,* 203 Md. 113 at 124, 100 A. 2d 12 (1953).

It is clear that the court in the exercise of a sound discretion may vary or modify an order for support and maintenance of children. Code (1966 Repl. Vol.), Art. 16, §§ 25, 66. *Price v. Price,* 232 Md. 379, 194 A. 2d 99 (1963); *Bebermeyer v. Bebermeyer,* 241 Md. 72, 215 A. 2d 463 (1965). We see nothing to show that the trial court's exercise of discretion in the case before us was not sound.

*Judgment affirmed. Costs to be paid
by appellant.*