## ROTHSCHILD *v.* STRAUSS

[No. 319, September Term, 1969.]

*Decided March 31, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*William W. Cahill, Jr.,* with whom was *William N. Dunphy* on the brief, for appellant.

*Ronald P. Seres,* with whom were *Harvey B. Steinberg* and *Steinberg & Seres* on the brief, for appellee.

PER CURIAM.

In this case we shall affirm the action of the chancellor (Moore, J.) who increased an award for the support of a minor child.

In 1961 the parties agreed to disagree and, seemingly,

have agreed on little since then. An agreement which covered, among other things, support of the minor child with whom we are here concerned was entered into at that time. This was followed by a Nevada divorce procured by the wife. She has since remarried and resides in Montgomery County. Several years ago the Circuit Court for that county acquired jurisdiction when the father filed a petition in which he asked that court to revise custody rights and visitation rights. The 1961 agreement provided that if the mother remarried there should be paid for support of the daughter the amount of $312.-50 per month. She was born July 23, 1954. Judge Moore increased this award to $600.00 per month, pointing in his opinion to the mother's estimate of $925.00 per month for the daughter's needs, the increase in cost of living since 1961, the fact that "the child is a maturing young lady whose social, cultural and other interests are increasing and changing" and "the social and financial status of her father and mother".

Code (1957), Art. 16, § 28 provides that an agreement such as that heretofore entered into in this case relative to support of children is subject to revision by the courts, "looking always to the best interests of such infants".

As Judge Barnes observed for the Court in *Wagshal v. Wagshal*, 249 Md. 143, 238 A. 2d 903 (1968), each case involving awards for the support of children rests upon its own facts. He further said in that case:

> "The principal considerations in making an award for the support of a child are the need of the child and the financial circumstances of the father of the child. The child's station in life is to be considered in connection with the needs of the particular child." *Id.* at 147-48.

This case is a bit unusual in that the parties have stipulated that the father is able to pay any increase in child support if the court determined the amount specified in the agreement to be inadequate. No useful purpose would be served by reviewing in detail our prior holdings on

the subject nor the evidence before the chancellor. The father contends strongly and earnestly that the chancellor "disregarded the fact that the monthly support of $312.50 was the result of an agreement between the parties, without any serious consideration of need" and that "the Chancellor did not base his award on any substantial evidence in the record", the mother having supplied, so the father says, "boxcar figures" as to the monthly needs. The short answer to the father's contentions is that under Maryland Rule 886 a "the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses" and the chancellor did have before him evidence from the mother of costs for support of the child. It is obvious that the chancellor gave very careful consideration to the mother's testimony, the original agreement, the changes in the cost of living, changes by virtue of change in age insofar as the young lady is concerned and her actual needs. It is significant in this regard that although the chancellor increased the support payments, he did not accept the support figure requested by the mother. We cannot say that the chancellor's judgment in this case was "clearly erroneous". Accordingly, the order must be affirmed.

*Order affirmed; appellant to pay the costs.*