## JEANNE K. TAYLOR LINDNER v. DUDLEY D. TAYLOR

[No. 653, September Term, 1976.]

*Decided February 10, 1977.*

The cause was argued before GILBERT, C. J., and THOMPSON and MELVIN, JJ.

*James B. Dudley*, with whom was *Timothy E. Welsh* on the brief, for appellant.

*Ronald A. Willoner*, with whom were *DePaul, Willoner & Kenkel, P.A.* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

The issue presented in this appeal is whether or not the modification, by agreement, of a prior decree for support of a child, after July 1, 1973, the effective date of Chapter 651 of the Laws of Maryland 1973, terminates the support when the child reaches the age of 18. We hold the modification pursuant to the agreement in this case did not terminate the support at age 18 but the support must continue until the child reaches age 21.

The facts were summarized by the trial judge as follows:

"All right, gentlemen, it would appear to us that on the third of September, 1964, Jeanne Taylor and Dudley Taylor, who were then married, entered into a separation agreement which provided, among other things, that the husband would pay to the wife as and for support and maintenance of the minor children until their majority, unless they are sooner married, deceased or self-supporting, the sum of $200.00 a month for the support of Pamela J. Taylor and the sum of $200.00 per month for Jeffrey A. Taylor.

"Thereafter, a divorce was instituted, resulting in a decree of divorce a vinculo matrimonii, dated November 7, 1967, which this member of the Court signed. We provided in that decree for the divorce and that the defendant, Dudley D. Taylor, pay unto the plaintiff, Jeanne K. Taylor, as and for support and maintenance of the minor children of the parties the sum of $400.00 per month, to be paid each and every month, and it is further ordered that the agreement entered into between the parties on the 3rd day of September, 1964, a copy of which was marked as Plaintiff's Exhibit No. 1 and received into evidence in this proceeding, be approved and made a part of this decree, and the parties are directed to be bound thereby.

"As time went on, Mrs. Taylor married, or re-married, and is now Mrs. Lindner.

"The husband apparently got in arrears on the support payments. A rule to show cause to hold him in contempt was issued and this came on for hearing on May 2nd, 1973, before Judge Parker. At that time, Judge Parker concluded that Mr. Taylor was in contempt of Court and sentenced to the County Jail for a period of six months. He suspended that sentence upon the condition that he purge himself in the amount of $2,119.00, one-half of which is to be paid today and the remaining half at the rate of $100.00 per month, commencing June 1, 1973. Total arrearage assessed $1600, plus tuition and attorney's fees for a total of $2,119.00. This being an equity proceeding that did not become effective until a written order was issued thereon.

"Apparently there was some negotiations between the parties at this stage of the proceedings. We really haven't received any evidence on that. But, in any event, on the 8th of August, 1973, a written order of Court was signed by Judge Parker providing for the amount arreared, the tuition, and the jail sentence. And then it further provided 'that the decree dated the 7th day of November, 1967, be and the same is hereby modified as follows:

'1. The defendant shall pay unto the plaintiff as support for the minor child, Jeffrey, the sum of $250.00 per month, accounting from August 1, 1973, until he obtains' — it says 'obtains', I presume it meant 'attains' — 'his majority.'

"There was a petition for increase in support payments filed in the pleadings previously and that was dismissed by paragraph 4 of this last mentioned decree.

"Now, this decree was signed by Jeanne K. Taylor Lindner; her attorney, Mr. Timothy Welsh; Mr. Dudley D. Taylor, defendant; and Mr. Sherman West, attorney for the defendant.

"We find from the evidence on stipulation here that on May 25th, 1974, Jeffrey became 18 years old. There, at that time, under the law he reached his majority, as a result of the laws of 1973, Chapter 651. . . .

\* \* \*

"This decree was signed by Mrs. Lindner and Mr. Taylor. It didn't say just approved as to form. It was signed, which we would have to interpret and consider as a written manifestation of an agreement modifying the earlier agreement back in 1967. And we would have to apply the law as it existed on August 8th, 1973, as to what the age of majority was. And the age of majority on July 1, 1973, and, of course, on the 8th of August, at the time of this decree, was 18. Whether that be good or bad, it is what was done by the legislature.

"And, accordingly, we feel obliged, regardless of what the circumstances might be now with this young man or what the arrearage, that the law on August 8th was 18. We feel that that is in accord with the two cases that have previously been decided and which were cited here today.

"And it would be useless to go and hear other testimony, because on the question of law itself we feel that we can resolve it."

We think the trial judge was in error under *O'Connor O'Connor*, 22 Md. App. 519, 323 A. 2d 632 (1974), which w based on *Monticello v. Monticello*, 271 Md. 168, 315 A. 2d 5 (1974). In the former case we said:

"That the order, effective May 18, 1973, increasing the support payments for the minor children was not filed until December 13, 1973, and thus after the effective date of the Act, does not, in our opinion, alter this conclusion for *it is the date of the original decree, not the date of the modifying*

*decree, which controls." Id.* at 522. (Emphasis added).

See also *Monticello v. Monticello, supra,* at 175-176:

"It is true, as the chancellor noted below, that a decree for child support may be varied or modified by the court in the exercise of its sound discretion at any time because of a change in circumstances, *Wooddy v. Wooddy,* 258 Md. 224, 228, 265 A. 2d 467, 470 (1970); *Seltzer v. Seltzer,* 251 Md. 44, 45, 246 A. 2d 264, 265 (1968), whether or not there has been an agreement between the parties, *Price v. Price,* 232 Md. 379, 383, 194 A. 2d 99, 101 (1963). *See* Code (1957, 1973 Repl. Vol, 1973 Cum. Supp.) Art. 16, § 25 (divorce a mensa et thoro); § 28 (power to modify support agreement); § 66(a) (equity has original jurisdiction in cases relating to child support). The exercise of this jurisdiction is ordinarily limited, however, to revisions of agreements or decrees which are made in the best interests of the children because of a change in circumstances, *see, e.g., Rothschild v. Strauss,* 257 Md. 396, 263 A. 2d 511 (1970), and in the usual case, is confined to a change in the amount, rather than the duration, of the support."

The appellee argues that the language of the modification agreement shows a clear intention to modify the duration as well as the amount of support. The exact language is repeated:

". . . the parties hereto, through respective counsel, having agreed and stipulated to the modification of the Decree of this Court dated November 7, 1967 and the Agreement incorporated there. . . ."

\* \* \*

"ORDERED, that the Decree dated the 7th day of

November, 1967, be, and the same is hereby modified as follows:

1. The defendant shall pay unto the plaintiff as support for the minor child, Jeffrey, the sum of $250.00 per month, accounting from August 1, 1973, until he obtains [sic] his majority.

2. The defendant shall pay the outstanding funeral expenses pertaining to the deceased daughter, Pamela.

3. Each party shall pay their respective counsel fees and court costs herein.

4. The plaintiff's Petition for increase in payments be and the same is hereby dismissed."

We repeat what the Court of Appeals said in *Monticello v. Monticello, supra,* at 176: "The exercise of this jurisdiction is ordinarily limited, however, to revisions of agreements or decrees which are made in the best interest of the children because of a change in circumstances, *see, e.g., Rothschild v. Strauss,* 257 Md. 396, 263 A. 2d 511 (1970), and in the usual case, is confined to a change in the amount, rather than the duration, of the support."

We are unable to see the intent to reduce the duration of the support in the use of the bare phrase "until he obtains majority" where the child is deprived of all support for a three-year period in return for an increase in support of only $50 per month for a few months, i.e., from $200 to $250. We can attribute no such intent to the parties and even less to the judge who signed the modifying decree while charged with the legal responsibility of ruling in the best interests of the child. We think the use of the language "obtains (sic) his majority" in this instance means his majority under the prior decree which assured support until the child reached age 21.

> *Order of July 1, 1976 dismissing contempt petition reversed.*
> *Case remanded for further proceedings in accordance with this opinion.*
> *Appellee to pay the costs.*