## KATHLEEN A. GERMAN *v.* ROBERT N. GERMAN

[No. 900, September Term, 1976.]

*Decided July 28, 1977.*

The cause was argued before MOYLAN, DAVIDSON and MELVIN, JJ.

*Barry H. Helfand,* with whom were *Helfand & Stein, P.A.* on the brief, for appellant.

*William P. Turner,* with whom were *Parent, Kelly & Turner* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 21 March 1975, Robert N. German, appellee (husband), and Kathleen A. German, appellant (wife), entered into a

voluntary separation and property settlement agreement. The agreement stipulated, among other things, that: 1) before divorce the husband would pay $270 per month "for the maintenance and support of the [two] minor children;" and 2) after divorce he would pay "$200 per month or $100 per child." On 5 February 1976, in the Circuit Court for Montgomery County, the husband filed a bill of complaint seeking an absolute divorce on the ground of a voluntary separation, and asking that the separation agreement be incorporated and merged into the divorce decree. On 6 April 1976, the wife filed an answer averring that the support payments provided in the separation agreement were inadequate and seeking additional child support.

On 22 July 1976, the chancellor held a hearing on the issue of child support. He determined that the children required $500 a month for their support and that the parties had an equal obligation to provide that support. On 10 August 1976, he entered a decree which, among other things, granted the husband an absolute divorce and ordered him to pay child support of $125 per child per month. This appeal is from that order.

Here, the wife contends that the court erred in finding that $500 was sufficient to support the children. Additionally, she maintains it erred in ordering the support payments to be equally apportioned between the husband and the wife.

Because we are here reviewing both the chancellor's determination on a question of law and his ultimate conclusion in making an award for child support, his decision should be disturbed only if he has erred or he clearly abused his discretion.[1] In making awards for child support, there are no mechanical rules, rigid formulae or statutory mandates to be followed. The amount to be awarded is governed by the circumstances of the case.[2] The

---

1. *See* Davis v. Davis, 280 Md. 119, 125-26, 372 A. 2d 231, 234 (1977).

2. Bowis v. Bowis, 259 Md. 41, 43-44, 267 A. 2d 84, 86 (1970); Rothschild v. Strauss, 257 Md. 396, 397, 263 A. 2d 511, 512 (1970); Pet v. Pet, 238 Md. 492, 496, 209 A. 2d 572, 574 (1965); Kramer v. Kramer, 26 Md. App. 620, 636, 339 A. 2d 328, 338-39 (1975).

factors which the chancellor should consider include the financial circumstances of the parties, their age and physical condition, their ability to work, the family's station in life, and the expense of educating the children.[3] The supporting parents' financial ability and the needs of the children are the controlling factors.[4]

## I

### Amount of Child Support

The chancellor properly considered all of the relevant factors in determining the amount of child support. There was evidence to show that while the husband's net monthly income was $885.36, his monthly expenses were $806.21, while the wife's net monthly income was $633.65, and she had monthly expenses of $512.15. The wife estimated that $940.56 a month was required to support the two children in the manner to which they were accustomed. The chancellor, recognizing that the husband "doesn't have that much money to contribute and it's obvious that everybody is going to have to maybe reorganize some of their priorities," found $500 per month "sufficient to raise two youngsters." Under these circumstances, the chancellor did not abuse his discretion.

## II

### Apportionment of Child Support Payments

After determining that $500 was an appropriate amount for child support, the chancellor indicated in his oral opinion that the husband would be required to pay $250 per month. His only comment with respect to that apportionment was that the wife "has the equal obligation to provide for [the children]."

---

3. Bowis, *supra*, 259 Md. at 43-44, 267 A. 2d at 86; Smith v. Smith, 227 Md. 355, 361, 176 A. 2d 862, 866 (1962); Kramer, *supra*, 26 Md. App. at 636, 339 A. 2d at 338-39.

4. Rothschild, *supra*, 257 Md. at 397, 263 A. 2d at 512; Wagshal v. Wagshal, 249 Md. 143, 147-48, 238 A. 2d 903, 906 (1968); Kramer, *supra*, 26 Md. App. at 636, 339 A. 2d at 338-39.

Parents must share the responsibility for the support of their children. This does not mean that the amount of child support charged against each parent is to be automatically divided equally between them. Rather, the amount of each parent's obligation varies in accordance with their respective financial resources. For this reason, determinations as to the amount of that obligation cannot be based upon mechanical rules or rigid formulae but must be governed by the circumstances of each case.[5]

Here the chancellor's determination that the husband pay $250 was based solely upon his view that the wife had an equal obligation to provide support. It is apparent that he automatically divided the amount of child support equally between the parents and did not consider their respective financial resources. Under these circumstances, the chancellor clearly abused his discretion. Accordingly, we shall reverse and remand for further proceedings in which he shall make appropriate findings with respect to the parties' financial ability to contribute to their children's support and shall then determine the proper apportionment, if any, of the child support payments.

> *That portion of the decree awarding child support vacated.*
> *All other portions of the decree affirmed.*
> *Case remanded for further proceedinds in accordance with this opinion.*
> *Costs to be paid by appellee.*

5. Rand v. Rand, 280 Md. 508, 517, 374 A. 2d 900, 905. *See* Maryland Annotated Code, art. 72A, § 1 (1957, 1970 Repl. Vol.); Maryland Constitution, Declaration of Rights, art. 46.