577 A.2d 382

**David Alan GATES**

v.

**Mary Joyce GATES.**

**No. 1587, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

July 5, 1990.

Julian J. Izydore, Leonardtown, for appellant.

Laurence W.B. Cumberland, Prince Frederick, for appellee.

Submitted before WILNER, BISHOP and FISCHER, JJ.

BISHOP, Judge.

This is an appeal from a Judgment of Absolute Divorce issued by the Circuit Court for St. Mary's County which modified the Separation and Property Settlement Agreement executed by David Gates, appellant, and Mary Gates, appellee, by which Mr. Gates' child support obligation was increased from three hundred dollars ($300.00) per month to six hundred dollars ($600.00) per month.

## ISSUE

Appellant asks this Court whether the Circuit Court for St. Mary's County abused its discretion by increasing appellant's child support obligation.

## FACTS

Mary Joyce Gates filed a Complaint for Absolute Divorce and Increase in Child Support based on a change in the economic circumstances of the parties. Mrs. Gates contended that Mr. Gates' debts were reduced by the sale of the parties' marital home and that, because the minor child was about to enter school, additional funds were necessary for school clothing and activities.

At the hearing the only contested issue was the request for an increase in child support. Copies of both parties' financial statements were admitted into evidence as well as a copy of the Separation and Property Settlement Agreement. The court reviewed the parties' financial statements and heard evidence concerning changes in their financial status including appellee's need for additional child support.

## DISCUSSION

■ Ordinarily the amount of a child support award is governed by the circumstances of the case and is entrusted to the sound discretion of the trial judge, whose determination should not be disturbed unless he has acted arbitrarily in administering his discretion or was clearly wrong. *Kramer v. Kramer,* 26 Md.App. 620, 339 A.2d 328 (1975).

At the time of trial, the Child Support Guidelines provided under Maryland Family Law Code Ann. § 12–202 (Supp. 1989) [1] were advisory only and gave rise to no presumption or inference.

---

1. **Nature and use of guidelines; modification of orders.**
    (a) *Use authorized.*—In any proceeding to establish or modify child support, whether pendente lite or permanent, the court may use the child support guidelines set forth in this subtitle.
    (b) *Modification of orders.*—(1) Subject to the provisions of paragraph (2) of this subsection, the adoption of the guidelines set forth in this subtitle may be grounds for requesting a modification of a child support award based on a material change in circumstances.
    (2) The adoption of the guidelines set forth in this subtitle may not be grounds for requesting a modification of a child support award based on a material change in circumstances unless the use of the guidelines would result in a change in the award of 25% or more.
    (c) *Nature of guidelines.*—The child support guidelines set forth in this subtitle are advisory only and give rise to no presumption or inference.
    (d) *Factors to be considered.*—If a court decides to use the child support guidelines under this subtitle, in the interest of justice the court may:
    (1) consider factors not specified under this subtitle; or
    (2) discount or disregard factors specified under this subtitle. (1989, ch. 2.)

If the court had decided not to follow the guidelines under § 12–202, the factors which the court should have considered in awarding child support include the financial circumstances of the parties, their station in life, their age and physical condition, their ability to work, and the expense of educating the children. *Kramer, supra* 339 A.2d at 339; *German v. German*, 37 Md.App. 120, 376 A.2d 115 (1977). The court should have considered the child's situation in life taking into consideration the child's particular needs. *Wagshal v. Wagshal*, 249 Md. 143, 238 A.2d 903 (1968).

■ In the case *sub judice*, the court heard testimony from the appellee that the cost of clothing and education was higher than originally estimated, but the appellee did not specify what the exact costs were. The court did not make an analysis of the financial situation of the parties and made no findings as to the costs of maintaining the child. Without being specific, the court stated that it was basing its decision "upon a number of factors." The only specific factor that the court mentioned was that without the recent adoption of the Child Support Guidelines by the Legislature it "would not be inclined to change the support payment since it ($300.00) is not shocking to the conscience of the court." The court then raised the figure to $600.00, the amount provided by the guidelines.

The court did not mention any finding of fact to support a material change in circumstances concerning the parties' financial status or any of the other relevant factors set forth in *Kramer, German* and *Wagshal, supra.*

Had the court, on the evidence, found the amount indicated by the guidelines to be reasonable, and made its award on that basis, we would likely have affirmed; however, having indicated that a much lower amount—$300.00—was not inappropriate, it had no right virtually to double that amount based solely on the guidelines.[2] That action represented an abuse of discretion.

---

2. *But see,* 12–202(b)(2) which provides:

During the 1990 session of the General Assembly, Senate Bill No. 633, Chapter 55, Laws of Maryland, 1990 was passed as emergency legislation and subsequently signed by the Governor on April 10, 1990, the date on which it became effective. This bill provides:

12–202.

(a)(1) Subject to the provisions of paragraph (2) of this subsection, in any proceeding to establish or modify child support, whether pendente lite or permanent, the court shall use the child support guidelines set forth in this subtitle.

(2)(I) There is a rebuttable presumption that the amount of child support which would result from the application of the child support guidelines set forth in this subtitle is the correct amount of child support to be awarded.

(II) The presumption may be rebutted by evidence that the application of the guidelines would be unjust or inappropriate in a particular case.

(III) In determining whether the application of the guidelines would be unjust or inappropriate in a particular case, the court may consider:

1. The terms of any existing separation or property settlement agreement or court order, including any provision for payment of mortgages or marital debts, payments of college education expenses, the terms of any use and possession order or right to occupy to the family home under an agreement, any direct payments made for the benefit of the children required by agreement or order, or any other financial considerations set out in an existing separation or property settlement agreement or court order; and

---

The adoption of the guidelines set forth in this subtitle may not be grounds for requesting a modification of a child support award based on a material change in circumstances unless the use of the guidelines would result in a change in the award of 25% or more.

2. the presence in the household of either parent of other children to whom that parent owes a duty of support and the expenses for whom that parent is directly contributing.

(IV) 1. If the court determines that the application of the guidelines would be unjust or inappropriate in a particular case, the court shall make a written finding or specific finding on the record stating the reasons for departing from the guidelines.

2. The court's finding shall state:

A. the amount of child support that would have been required under the guidelines;

B. how the order varies from the guidelines;

C. how the finding serves the best interests of the child; and

D. in cases in which items of value are conveyed instead of a portion of the support presumed under the guidelines, the estimated value of the items conveyed.

■ Based on our review of the legislative history of the passage of § 12–202, both in the permissive form of the 1989 session and in the mandatory form of the 1990 session, we hold that it was the intent of the legislature that the guidelines and accompanying statutory provisions limit the necessity of the court to make those findings of fact required in existing case law, e.g., *Kramer, German* and *Wagshal,* except to the extent they may be applicable under subsections (a)(2)(II), (III) and (IV) of § 12–202.[3]

The standardized worksheets indicate that the child support determination will be purely numerical with little, if any, room for the former factual considerations. This is consistent with the requirements of 45 C.F.R. 302.56 that the guidelines be "based on specific descriptive and numeric criteria" resulting in a computation of the obligation, in

---

**3.** § 12–203(a) of the Family Law Article authorized the Court of Appeals to issue a standardized worksheet form to be used in the application of the guidelines. Pursuant to that provision, on February 21, 1989, the Court adopted a tripartite form.

order to be in compliance with the Federal Child Support Enforcement Amendments of 1984. 42 U.S.C. § 667. In addition, the new statute requires that any deviation from the mandatory guidelines be fully supported by court findings. The attempt to minimize the court's fact finding is further evidenced by the comprehensiveness of the statutes accompanying the guidelines. Md.Family Law Code Ann. § 12–201, *et seq.*

Accordingly, we reverse and remand for further proceedings in accordance with this opinion. On remand the trial court shall conform its actions and procedures with § 12–202. Subsection (a)(1) of § 12–202 requires the court to use the child support guidelines. The amount of child support so established will be considered presumptively correct, § 12–202(a)(2)(I), subject to evidence that to apply the guidelines would be unjust, § 12–202(a)(2)(II). The criteria to rebut the presumption are contained in § 12–202(a)(2)(III). If the presumption is rebutted the procedure to be followed by the court is contained in § 12–202(a)(2)(IV).

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY THE APPELLEE.