IN THE MATTER OF: LORI AND VICKI REGISTER

No. 7

(Filed 5 May 1981)

1. **Divorce and Alimony § 24; Parent and Child § 7— child support—primary liability of father**

   The father of a minor child is primarily liable for support of the child and it is his responsibility to pay the entire support of the child in the absence of pleading and proof that circumstances of the case otherwise warrant. G.S. 50-13.4(b).

2. **Divorce and Alimony § 24; Parent and Child § 7— removal of child from mother's home—abuse by stepfather—mother's reconciliation with stepfather—requiring support of child by mother**

   Where a child was removed from the mother's home and placed in the custody of the maternal grandparents pursuant to a petition filed by the Department of Social Services alleging abuse of the child which arose out of the association of the child with its stepfather, the decision of the mother to reconcile with the stepfather was not a sufficient circumstance to "otherwise warrant" within the meaning of G.S. 50-13.4(b) so as to permit the trial court to require the mother to pay a portion of the support of the child.

3. **Divorce and Alimony § 24; Parent and Child § 7—requiring mother to make child support payments**

   The trial court erred in ordering that the mother and the father of a minor child who was in the custody of its maternal grandparents each pay $12.50 per week for the support of the child where the court made no findings as to the ability of the father to pay the entire amount needed for support of the child, since the court had no authroity to require the mother to make support payments until it had determined that (1) the father could not reasonably make the entire payment and (2) the mother had the ability to make up the balance.

APPEAL pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals, 49 N.C. App. 65, 270 S.E. 2d 507 (1980), *Wells, J.,* dissenting, which upheld an order entered 12 December 1979 by *Burnett, J.,* in NEW HANOVER District Court requiring Kenneth Register and Carol Malpass, the parents of Vicki Register, each to contribute one half of the support of their minor child. Only the mother, Carol Malpass, appealed.

The matter originally came to New Hanover District Court upon petition of the Department of Social Services to determine whether Vicki Register and Lori Register were abused or neglected children. A guardian *ad litem* was appointed to in-

vestigate the case and represent the minor children. The matter came on for hearing before Judge Burnett on 5 September 1978. and he concluded the children were abused children as defined by G.S. 7A-278(4) [now G.S. 7A-517(1)]. The abuse apparently stemmed from association with their stepfather, Dudley Malpass. At the time of the September hearing, Carol Malpass was separated from Dudley Malpass. In view of this separation, Judge Burnett allowed Carol Malpass to retain custody of the children pursuant to a 1968 divorce decree and separation agreement between her and her first husband, Kenneth Register. The custody arrangement was made "with the understanding that the mother immediately notify the Court in the event of a reconciliation between her and Dudley Malpass before either of said children reaches the age of 18 years."

On 18 January 1979, the children's guardian *ad litem* sought review of the custody order because the mother notified the guardian that she desired to resume marital relations with Dudley Malpass. When the motion for review was heard, Judge Burnett found as fact that Carol and Dudley Malpass had resumed marital relations, that Vicki Register had been living with friends of her mother since that time and that Lori Register had graduated from high school and was about to move to New Mexico. Judge Burnett also found as fact that "Kenneth Register contributes $12.50 per week for support of the child, Vicki Register, pursuant to a Separation Agreement entered into by him and Carol Malpass on the 4th [sic] day of March 1967." Judge Burnett concluded it was in the best interest of the child, Vicki Register, to place her in custody of the maternal grandmother, Lucy Jordan, and the stepgrandfather, Henry Jordan. The court ordered both Kenneth Register and Carol Malpass to pay $12.50 each per week to the Jordans for maintenance and support of Vicki Register. This order, dated 8 February 1979, also required that the custody and support order be reviewed in six months.

The matter was reviewed in July 1979. At that time, Carol Malpass apparently objected to the court's order that she contribute to the support of her minor child, and a hearing was held on 4 September 1979. The evidence at that time consisted of the testimony of Carol Malpass and copies of the 1967 deed of separation and 1968 divorce judgment of Carol Malpass and Kenneth Register.

Carol Malpass testified that she had worked only two weeks in the past seven years, that she stayed at home to care for her

six-year-old child by her second marriage and that she did not own any property or have any income from any source.

The divorce decree provided that "both the plaintiff and defendant are bound by the terms of that certain agreement hereto attached as it related to the custody, care, control and support of the said minor children of the plaintiff and defendant as named therein." As to child custody and support, the deed of separation provided:

> 9. CHILD CUSTODY AND SUPPORT: The Wife shall have the general care, custody and control of the two minor children of the parties, LORI ANNE REGISTER AND VICKI LYNN REGISTER; subject to the right of the Husband to visit with each of these children at such times and places as are reasonable under all the circumstances.
>
> At such time as the family residence is sold, the Husband shall pay to the Wife each week, in advance, the sum of FIFTEEN DOLLARS ($15.00), for the support and maintenance of VICKI LYNN REGISTER. Such payments shall be made beginning the first Friday following the consummation of the sale of the family residence and shall continue to be made in advance on Fridays of each successive week thereafter, until each child shall reach majority or become emancipated or shall die, whichever first occurs.

Based on the record in the case, the testimony of Carol Malpass and the exhibits introduced at the support hearing, Judge Burnett made the following findings of fact:

> (1) Carol Malpass is the natural mother of Vicki Register, and the said Carol Malpass has completed one year of college. She is in good health and in good physical condition. Carol Malpass has not been employed in 1979 and has had no income from any source during 1979 and is deliberately depressing her income, and is failing to fulfill her earning capacity because of her disregard of her responsibility to provide reasonable support for her child. Carol Malpass worked temporarily in 1978 for a period of two weeks while temporarily separated from her present husband and earned during said two weeks the sum of $150. Other than that two weeks period of work, the said Carol Malpass has not been

employed for more than seven years prior to this hearing. The said Carol Malpass has no savings accounts, stocks or bonds, and no income. She has a young child at home by her present marriage who is six years of age. She testified that the $12.50 per week which she had previously been sending for the support of said Vicki Register had been paid by her husband. Upon inquiry by the Court, the said Carol Malpass testified that she was not working now because she would have nothing left after buying gas and paying someone to look after her six-year-old child. When Carol Malpass and her present husband, Dudley Malpass separated in the latter part of 1978, the two of them borrowed the sum of $15,000 on the marital home, which said $15,000 was paid to Carol Malpass by Dudley Malpass as a lump sum property settlement. Upon the resumption of those marital relations two weeks later, the said $15,000 was repaid by the said Carol Malpass to the lender who had originally loaned said sum to her and her husband. The said Carol Malpass is now living with her present husband following the reconciliation.

(2) Kenneth Register, the father of Vicki Register, is an able-bodied man, regularly and gainfully employed and earning approximately $_____ per month. Kenneth Register had agreed to pay for the support of Vicki Register the sum of $15 per week.

Judge Burnett concluded Carol Malpass had earning capacity to support her child and that $30.00 per week was needed to meet the reasonable needs of the child. Carol Malpass was ordered to pay $15.00 per week to the Jordans for the maintenance and support of Vicki Register. Kenneth Register was ordered to pay a like sum. Carol Malpass appealed to the Court of Appeals which affirmed the order of the trial court. Carol Malpass appealed to this Court as of right based on the dissent of Wells, J.

*W. G. Smith and Bruce H. Jackson, Jr., Attorneys for respondent appellant.*

*Rufus L. Edmisten, Attorney General, by Henry H. Burgwyn, Assistant Attorney General, amicus curiae.*

HUSKINS, Justice.

The respondent appellant, Carol Malpass, and the Attorney General as *amicus curiae* have argued in their briefs whether the trial court erred by entering an order requiring the mother of Vicki Register to make child support payments. Upon the facts and record of this case, the trial court erred in ordering Carol Malpass to pay $15.00 per week for the support and maintenance of her child, Vicki Register.

The controlling statutes are G.S. 50-13.4(b) and (c) which provide:

(b) In the absence of pleading and proof that circumstances of the case otherwise warrant, the father, the mother, or any person, agency, organization or institution standing in loco parentis small be liable, in that order, for the support of a minor child. Such other circumstances may include, but shall not be limited to, the relative ability of all the above-mentioned parties to provide support or the inability of one or more of them to provide support, and the needs and estate of the child. Upon proof of such circumstances the judge may enter an order requiring any one or more of the above-mentioned parties to provide for the support of the child as may be appropriate in the particular case, and if appropriate the court may authorize the application of any separate estate of the child to his support.

(c) Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case.

"Taken together, these two statutes clearly contemplate a mutuality of obligation on the part of both parents to provide material support for their minor children where circumstances preclude placing the duty of support upon the father alone. Thus, where the father cannot reasonably be expected to bear all the expenses necessary to 'meet the reasonable needs of the child[ren],' the court has both the authority and the duty to order that the mother contribute supplementary support to the degree

she is able." *Coble v. Coble,* 300 N.C. 708, 711-12, 268 S.E. 2d 185, 188 (1980); *see also Flippin v. Jarrell,* 301 N.C. 108, 270 S.E. 2d 482 (1980).

[1]   In the present case, the support was divided equally between the father and mother. The statute provides that "the father, the mother, or any person, agency, organization or institution standing in loco parentis shall be liable, *in that order,* for the support of a minor child." (Emphasis added.) The statute places primary liability for the support of the minor child on the father. Therefore, Kenneth Register, the father of the minor child, is primarily liable for support of the child. It is his responsibility to pay the entire support of the child "[i]n the absence of pleading and proof that circumstances of the case otherwise warrant." The mother's duty is secondary. *Tidwell v. Booker,* 290 N.C. 98, 225 S.E. 2d 816 (1976).

The question thus becomes whether there is a sufficient showing of circumstances that "otherwise warrant." The trial court ordered the father to pay $15.00 per week, a sum he had agreed to pay in 1968. There is no finding or showing that the father is unable to pay the full $30.00 per week required for the support of the child. The record is devoid of any evidence of the father's earning capacity. Before liability for support can be placed on any other person, including the mother, the pleadings and proof must demonstrate that the father cannot reasonably pay more than $15.00 for the support of the child.

[2, 3]   The Court of Appeals felt that the "circumstances of the case otherwise warrant" because the child was removed from the mother's home pursuant to a petition filed by the Department of Social Services alleging abuse of the child. This abuse arose out of the mother's continuing marital relations with Dudley Malpass. For this reason, custody was removed from the mother and placed in the hands of the maternal grandparents. Standing alone, the decision of the mother to reconcile with her second husband is not a sufficient circumstance to "otherwise warrant." A crucial circumstance is "the relative ability of all the . . . parties to provide support or the inability of one or more of them to provide support." The order of the trial court contains no findings on this circumstance. The court has no authority under the statute to require the mother to make support payments until it has deter-

mined that (1) the father cannot reasonably make the entire payment and (2) the mother has the ability to make up the balance. The court must make a determination of the father's ability before any of the support obligation is placed on the mother.

The trial court was not bound by the amount the father agreed to pay under the terms of the 1968 divorce judgment. The court has the power to modify the amount upon a showing of changed conditions. G.S. 50-13.7(a); 2 Lee, N.C. Family Law § 151 (4th ed. 1980). Conditions certainly changed in this case from 1968 to the appealed order of equal support entered 12 December 1979. Over the years, the parties themselves had not adhered to the exact amounts specified in the separation agreement and divorce judgment. The court determined Vicki Register needed double the amount provided for in the 1968 separation agreement. The trial court did not, however, determine whether the father could pay any or all of the increased amount.

The case must, therefore, be remanded for appropriate findings by the trial court to determine the ability or inability of the father to support this minor child. If the child's needs exceed the ability of the father to pay, then the mother is required by law, to the extent of her ability, to contribute to the necessary support of the child.

For the reasons stated, the decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the Superior Court of New Hanover County for further proceedings consistent with this opinion.

Reversed and remanded.