GENE EDWARD PLOTT v. SYLVIA FAYE EVANS PLOTT

No. 8221DC1069

(Filed 20 December 1983)

**Divorce and Alimony §§ 24.1, 24.9, 24.11— child support order—inadequate findings—inadequate consideration to fairness of award—abuse of discretion in basing amount on mathematical equation**

A child support order which required defendant-mother to pay $150.00 in monthly child support and the sum of $1,687.50 in retroactive child support to plaintiff-father must be vacated where the trial court (1) failed to make adequate factual findings, (2) failed to give adequate consideration to the fairness of its award in light of the parties' relative financial abilities and of the relative hardship to each party resulting from the contribution required, and (3) abused its discretion in basing the amount of defendant's contribution on a mathematical equation rather than her relative ability or inability to provide support as required by G.S. 50-13.4(b) and (c). The 1981 amendment to G.S. 50-13.4(b) had the effect of changing the previous rule that the mother was only secondarily liable for child support, but in all other relevant respects involving the relative ability or inability of the mother and father to provide such support, the relevant statutory provisions remain unchanged.

APPEAL by defendant from *Tash, Judge*. Order entered 26 July 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 31 August 1983.

Defendant, Sylvia Faye Evans Plott, appeals from an order directing her to contribute to the financial support of the minor child born of her marriage to plaintiff, Gene Edward Plott.

*David F. Tamer, for defendant appellant.*

*Morrow and Reavis, by John F. Morrow, for plaintiff appellee.*

JOHNSON, Judge.

In this appeal from an order requiring her to contribute to the financial support of the parties' minor child, the defendant

mother challenges the trial court's finding of fact regarding her reasonable living expenses and available income, as well as the entry of the order requiring her to pay $150.00 in monthly child support and the sum of $1,687.50 in retroactive child support to the plaintiff father. We hold that the payments required of defendant by the order appealed from must be vacated and the cause remanded to the District Court for further proceedings.

The record discloses that this is the second time defendant's case has been presented to this Court. The facts are as follows: plaintiff and defendant were formerly husband and wife, having been married on 11 January 1964. On 12 August 1979, the parties separated and they did not thereafter resume the marital relationship. A judgment of absolute divorce was entered on 22 September 1982.

One child, Timothy Eugene Plott, was born of the marriage on 14 September 1969. The minor child has remained in the custody of the plaintiff father since the parties' separation. On 26 September 1980, the plaintiff moved for a determination of child custody and support. The parties entered into a consent order on 26 November 1980, under which plaintiff received custody of their minor child. The motion regarding support was heard in District Court, Forsyth County. On that same date, Judge Freeman entered an order containing findings of fact that the plaintiff's net income was $1,800.00 per month; that his reasonable monthly living expenses were $1,400.00; that the child's reasonable monthly living expenses were $615.00; and that defendant's net income was $850.00 per month and her reasonable monthly living expenses were $850.00. Based upon these findings of fact, the court concluded that the defendant mother should be required to pay as child support $135.00 per month and that plaintiff should be awarded a writ of possession of the parties' marital home. The defendant gave notice of appeal and on 3 November 1981, this Court, in an unpublished opinion (No. 8121DC210), reversed Judge Freeman's order and remanded the cause for further proceedings.

The first order compelling defendant to share in the financial responsibility of child support was reversed on two grounds: (1) the court's finding that defendant's reasonable needs *equaled* her net income tended to negate, rather than support, the conclusion that she is *capable* of providing support payments and (2) the

order manifestly allocated an inordinate proportion of the total resources of the parties, the residence and combined earnings, to the plaintiff and the child.

We note that at the time of the first hearing, the relevant statute governing an action for the support of a minor child, G.S. 50-13.4(b) provided, in pertinent part:

> In the absence of pleading and proof that circumstances of the case otherwise warrant, *the father, the mother,* or any person, agency, organization or institution standing in loco parentis *shall be liable, in that order,* for the support of a minor child. Such other circumstances may include, but shall not be limited to, the *relative ability of all of the above-mentioned parties to provide support or the inability of one or more of them to provide support,* and the needs and estate of the child. . . . (Emphasis added.)

The provision was construed to place the primary duty of providing child support on the father, in the absence of circumstances that "otherwise warrant." Accordingly, the mother's duty was held to be secondary, and a determination that the father could not reasonably provide all of the support had to precede the placing of any support obligation on the mother. *In re Register,* 303 N.C. 149, 277 S.E. 2d 356 (1981); *Tidwell v. Booker,* 290 N.C. 98, 225 S.E. 2d 816 (1976). Read in conjunction with its companion section, G.S. 50-13.4(c),[1] the "two statutes clearly contemplate a mutuality of obligation on the part of both parents to provide material support for their minor children where circumstances preclude placing the duty of support upon the father alone." *Coble v. Coble,* 300 N.C. 708, 711, 268 S.E. 2d 185, 188 (1980).

In June, 1981, these statutory provisions were amended to make *both* the father and mother *primarily liable* for the support of a minor child. *See* Session Laws, 1981, c. 613, s. 1. At the time

---

1. G.S. 50-13.4(c) then provided:

   Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education and maintenance, *having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties and other facts of the particular case.* (Emphasis added.)

of the second hearing, the relevant sentence of G.S. 50-13.4(b) (Cum. Supp. 1981) read:

> *In the absence of pleading and proof that the circumstances otherwise warrant, the father and mother shall be primarily liable for the support of a minor child,* and any other person, agency, organization or institution standing in loco parentis shall be secondarily liable for such support. (Emphasis added.)

Subsection (c) was likewise amended to require that the court give due regard to "the child care and homemaker contributions of each party" in setting the amount of child support payments.

Thus, in hearings and trials held after 1981, both parents have equal support duties under the law, absent pleading and proof that circumstances otherwise warrant. In a survey of 1981 family law, 60 N.C. L. Rev. 1379, 1394 (1982), the author remarked, "Although many others cannot actually contribute equally to support their children, this amendment reflects the reality that more mothers are now financially able to share childraising responsibilities with the father." It is noteworthy that although the amendment had the effect of changing the previous rule that the mother was only secondarily liable for child support, in all other relevant respects involving the *relative ability or inability* of the mother and father to provide such support, the relevant statutory provisions remained unchanged. This Court, in *Wilkes County v. Gentry*, 63 N.C. App. 432, 305 S.E. 2d 207 (1983), noted in passing that although G.S. 50-13.4(b) now places the primary liability for the support of a minor child on both parents, other circumstances may properly be considered, including the relative ability of the parties to pay. G.S. 50-13.4(c). Against this backdrop, the second hearing to determine defendant's support obligation was conducted.

Both parties testified before Judge Tash and both parties submitted affidavits of financial standing. Based upon this evidence, the trial court made the following pertinent findings of fact and conclusions of law:

FINDINGS OF FACT

(5) The gross income of the plaintiff is $2,916.67 per month; that the plaintiff's net income after taxes is $1,980.65; that

the reasonable living expenses of the plaintiff, including payments due on the outstanding loans, are $1,114.25 per month; that the available income of the plaintiff over and above his reasonable expenses is approximately $886.00 per month;

(6) The gross income of the defendant is $1,285.00 per month; that the defendant's net income after taxes if (sic) $957.48 per month; that the reasonable living expenses of the defendant, including payments due on outstanding loans, is $777.00 per month; that the available income of the defendant over and above her reasonable expenses is approximately $180.00 per month;

(7) The reasonable needs of the minor child of the parties for health, education and maintenance is approximately $625.00 per month . . .

(12) The relative ability of the plaintiff to provide support for the minor child of the parties is approximately four times the ability of the defendant to provide said support;

(16) The defendant has savings in her credit union in an amount of approximately $2,500.00, and that said amount is in excess of monies owed to said credit union; that the defendant owes her attorney $5,276.00 for legal services.

### CONCLUSIONS OF LAW

(1) Taking into consideration the reasonable needs of the minor child for health, education and maintenance and having due regard to the earnings, conditions, accustomed standard of living of the child of the parties, the child care and homemaker contributions of each party, and other facts of this particular case, including, *inter alia*, the fact that the plaintiff is being awarded a writ of possession of the former homeplace of the parties and the household and kitchen furnishings therein as part of the order of child support herein, the defendant should be ordered to pay child support into the Office of the Clerk of Superior Court of Forsyth County, North Carolina, in the amount of $150.00 per month . . .

(3) As the defendant has not provided financial support for the minor child of the parties since the hearing conducted

---

Plott v. Plott

---

herein in November, 1980, and as the terms and provisions of N.C.G.S. 50-13.3(b) were amended and became effective on June 18, 1981, while the previous order entered herein was being appealed from by the defendant and while said case was pending appeal, the defendant should be ordered to pay retroactive child support from June 18, 1981, and not from the date of the original hearing herein;

(4) Taking into consideration the reasonable needs of the minor child for health, education and maintenance and having due regard to the earnings, conditions, accustomed standard of living of the child of the parties, the child care and homemaker contributions of each party, and other facts of this particular case, the defendant should be ordered to pay $135.00 per month retroactive support payments, a total of $1,687.50 for 12½ months, on or before the 17 day of September, 1982.

Defendant assigns error to the trial court's finding of fact related to her reasonable living expenses and available income and to the conclusions of law fixing her child support obligation at $150.00 per month and requiring her to pay $1,687.50 in retroactive child support. Defendant argues that the trial court's findings of fact are unsupported by the evidence and that its conclusions of law amount to an abuse of discretion. Thus, the issue raised by this appeal is whether the trial court may order the non-custodial mother to contribute nearly all of her available monthly income, as determined by the court, to the support of the parties' minor child where the evidence shows the custodial father to be more than capable of independently meeting the reasonable needs of the child out of his available monthly income. Although defendant's challenge to the trial court's determination of the amount of her monthly child support contribution presents an issue of first impression under the amended statute, certain general principles of law developed under G.S. 50-13.4(b) and (c) when the mother's support liability was only secondary are readily applicable to the issue presented.

It is well established that the determination of child support must be done in such a way that reflects fairness and justice for all concerned. *Coble v. Coble, supra; Beall v. Beall,* 290 N.C. 669, 228 S.E. 2d 407 (1976). In order to be fair and just, the court

entering an order for child support must consider not only the needs of the child, but also the abilities of the parents to provide support. *Martin v. Martin,* 263 N.C. 86, 138 S.E. 2d 801 (1964); *Poston v. Poston,* 40 N.C. App. 210, 252 S.E. 2d 240 (1979). The amount awarded for child support is in the sound discretion of the trial judge and will be disturbed only where abuse of discretion is shown. *Coggins v. Coggins,* 260 N.C. 765, 133 S.E. 2d 700 (1963).

Our Supreme Court has most recently stated the law with respect to setting amounts for child support in *Coble v. Coble, supra,*

> Where, as here, the trial court sits without a jury, the judge is required to "find the facts specifically and state separately its conclusions of law thereon and direct entry of the appropriate judgment." . . . The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment — and the legal conclusions which underlie it — represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead "to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system." . . .

> Under G.S. 50-13.4(c) . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon *factual findings specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living"* of both the child and the parents. It is a question of fairness and justice to all concerned . . . *In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence.* . . .

\* \* \*

*We note moreover that before liability or need may be predicated upon an analysis of the balance sheets of the respective parties, the trial court should be satisfied that the personal expenses itemized therein are reasonable under all the circumstances.* We mention this consideration simply to remind the trial bench that a party's mere showing that expenses exceed income need not automatically trigger the conclusion that the expenses are reasonable, or that the party is incapable of providing support and in need of additional assistance . . . (Citations omitted.) (Emphasis added.)

300 N.C. at 712, 714, 268 S.E. 2d at 188-190.

Turning first to Finding of Fact No. 6 concerning defendant's reasonable monthly expenses, we hold that it is not specific enough to indicate to this Court that the judge below took due regard of the particular conditions and accustomed standard of living of the defendant mother. *Coble v. Coble, supra.* The financial evidence of record consists primarily of the affidavits of financial standing submitted by the parties. Oral testimony by the parents filled in the relevant "conditions" of this case. Plaintiff's affidavit lists the following pertinent monthly figures:

| | |
|---|---|
| GROSS WAGES | 2,916.67 |
| Deductions [withholding] | * * * |
|     Loans (Including Auto) | 285.76 |
|     Others (Specify) Bell | |
|       Systems Savings | 175.00 |
| NET WAGES | 1,519.89 |
| TOTAL EXPENSES | 761.37 |

Defendant's affidavit lists the following pertinent monthly figures:

| | |
|---|---|
| GROSS WAGES | 1,285.00 |
| Deductions [withholding] | * * * |
|     Retirement | 100.00 |
|     Loans | 100.00 |
|     Others | 10.36 |
| NET WAGES | 747.12 |
| TOTAL EXPENSES | 747.00 |

The trial court's findings regarding the parties are as follows:

### PLAINTIFF

| | |
|---|---|
| GROSS INCOME | 2,916.67 |
| NET INCOME | 1,980.65 |
| REASONABLE EXPENSES | 1,114.25 |
| AVAILABLE INCOME | 886.00 |

### DEFENDANT

| | |
|---|---|
| GROSS INCOME | 1,285.00 |
| NET INCOME | 957.48 |
| REASONABLE EXPENSES | 777.00 |
| AVAILABLE INCOME | 180.00 |

### CHILD

| | |
|---|---|
| REASONABLE NEEDS | 625.00 |

A close examination of the record indicates that the trial court arrived at these figures by using the gross income figures supplied by the parties and then adding their indicated deductions for loans, savings and retirement back into the net income figure supplied by the parties, but later subtracting these items again as part of the parties' reasonable monthly expenses. However, while the trial judge apparently accepted all of plaintiff's listed expenses as reasonable, including his payroll savings deductions of $175.00 per month, only $567.00 of defendant's listed expenses of $747.00 were found to be reasonable. Without a specific finding of fact indicating why, under the circumstances, defendant's itemized personal expenses were not reasonable, this Court cannot adequately make its determination whether the order predicating the amount of liability upon an analysis of the balance sheets of the respective parties is adequately supported by competent evidence. Although a party's mere showing of expenses does not automatically trigger the conclusion that the expenses are reasonable, *Coble v. Coble, supra*, it stands to reason that when the trial court rejects itemized expenses as unreasonable, the order must contain sufficiently specific factual findings to allow effective appellate review of such a determination. The order under review is deficient in this regard.

However, assuming *arguendo* that the trial court's computations are correct, we hold that, in view of the striking discrepancy in the parties' *respective abilities* to provide support under the facts of this case, the order requiring the defendant mother to contribute one-fourth of the amount necessary for the child's support constitutes an abuse of discretion.

Although G.S. 50-13.4(b) provides that mothers and fathers both share primary liability for the support of their minor children, thus imposing an equal legal duty on the parent of each gender, it neither mandates equal financial contributions nor requires any contribution from either party where it is proved that the circumstances otherwise warrant. It would appear that the trial court may now order the mother to contribute without first finding, as was the prior rule, that the father alone could not reasonably provide all of the support. *See e.g. In re Register, supra.* The revisions leave the trial court with considerable discretion under G.S. 50-13.4(b) and (c) in determining *whether and in what amounts* the party from whom support is sought may be ordered to provide it. Therefore, the trial court in the instant case had a duty to exercise an informed and considered discretion with respect to the mother's support obligation of the parties' child. The following useful description of the "sound" or "judicial" discretion referred to in *Coggins v. Coggins, supra,* is contained in a California case involving a question of the extent of a noncustodial mother's support obligation:

> [R]eference is made to the trial court's "sound discretion." This we equate with the term, "judicial discretion," . . . as a term which implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. [Par.] To exercise the power of judicial discretion all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent and just decision. (Citation omitted.)

*Marriage of Muldrow,* 61 Cal. App. 3d 327, 332, 132 Cal. Rptr. 48, 51 (1976).

In the instant case, the trial court fixed defendant's support obligation according to a simple mathematical calculation based on the amount of available income the court set for each party:

the plaintiff's available income of $886.00 per month was found to be approximately four times the amount of defendant's $180.00 per month, therefore, defendant's share of the support obligation was set at one-fourth of the $625.00 needed by the child, or $150.00 per month. Such a calculation can hardly be considered an exercise of "discriminating judgment within the bounds of reason." Rather, it constitutes an abuse of discretion. *See Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963) (fixing the amount of child support by dividing the income of the husband by the number of people dependent upon him for support is not approved).

The relative ability of the parties to contribute under G.S. 50-13.4(b) and (c) cannot depend solely on the determination of monthly available income after expenses. Rather, it must be reflective of *all* the relevant circumstances, including the relative hardship to each parent in contributing to the reasonable needs of the child.

The evidence presented tended to show a substantial discrepancy in the parties' respective net incomes. Plaintiff has been employed at the Western Electric Company for 18 years. His monthly net income as found by the court is $1,980.65. Defendant's net income was found to be $957.48 per month. The plaintiff's discretionary income was set at $886.00 per month, a sum which approximates the defendant's entire net income. The consequent greater hardship to defendant from the support order is thus evident.

Furthermore, the defendant testified that she worked nearly continuously during the marriage and that she and plaintiff pooled their respective earnings to maintain their standard of living. However, upon the dissolution of their marriage, the plaintiff refused to give her any of the household furnishings to use in her apartment. Consequently, defendant was required to take out a loan in order to buy adequate furniture. Although a list of items of personal property acquired by the parties during the course of their marriage was included in the record, the plaintiff refused to divide them with defendant. In addition to retaining possession of the parties' home, then, plaintiff has continued to enjoy the possession and use of substantially all of the property which was acquired by the parties during the course of their marriage.

Although the order states that, "due regard was given to the earnings, conditions, accustomed standard of living of the child of the parties, the child care and homemaker contribution of each party, and other facts of this particular case, including, *inter alia,* the fact that the plaintiff is being awarded a writ of possession of the former homeplace of the parties and the household and kitchen furnishings therein," the amount fixed is not reflective of those considerations in view of the evidence presented.

The net effect of requiring defendant to contribute all but $30.00 of her monthly available income, assuming that the court's calculations are correct, while allowing plaintiff to retain $411.00 after his contribution to the child's support under the order results in a far greater hardship to the defendant than plaintiff. This *is* particularly true under the circumstances of this case, where the plaintiff has retained the possession and use of the marital house and household, while defendant has had to establish her own household "from scratch." An order for the maintenance of a child should be in an amount that is fair and not confiscatory in light of the parent's earning ability. *See Fuchs v. Fuchs, supra. See also Post v. Moore,* 99 Misc. 2d 812, 417 N.Y.S. 2d 426 (1979) (although apportionment of the costs of a child's support between his father and mother according to their respective means and responsibilities is statutorily authorized, it is not required where the mother is financially unable to assist the father with support of their son); *Cooper v. Cooper,* 513 S.W. 2d 229 (Tex. Civ. App. 1974) (where state constitution provides that equality under the law shall not be denied or abridged because of sex, it must be presumed that duty of spouses to support their minor children is equal, but this does not mean that court must divide burden of support equally, and court's order in this respect should reflect due consideration of their respective ability to contribute); *Faitz v. Ruegg,* 114 Cal. App. 3d 967, 171 Cal. Rptr. 149 (1981) (enforcement of each parent's statutory duty to contribute child support depends on the urgency of the needs of the child and the relative hardship to each parent in contributing to these needs). *See generally* 59 Am. Jur. 2d, Parent and Child, § 61 (1971).

Thus, it is evident that the trial court (1) failed to make adequate factual findings, (2) failed to give adequate consideration to the fairness of its award in light of the parties' relative financial abilities and of the relative hardship to each party resulting from

the contribution required, and (3) abused its discretion in basing the amount of defendant's contribution on a mathematical equation rather than her relative ability or inability to provide support as required by G.S. 50-13.4(b) and (c). Therefore, the order must be vacated and the cause remanded for further proceedings not inconsistent with this opinion.

In view of our disposition of this issue, we need not reach the question presented challenging the amount of defendant's retroactive child support obligation as these calculations must be determined anew upon retrial.

Vacated and remanded.

Judges BECTON and BRASWELL concur.