GENE EDWARD PLOTT v. SYLVIA FAYE EVANS PLOTT

No. 27PA84

(Filed 27 February 1985)

1. **Divorce and Alimony §§ 24.1, 24.9— child support—determination of reasonable living expenses—findings inadequate**

    A child support order was remanded where the evidence before the court tended to show that defendant's monthly living expenses were $847.00 but the court "found" that only $777.00 was reasonable. A finding of fact that defendant's average monthly expenses are a certain amount requires only that the trial judge resolve any conflicts in the evidence and state what he finds to be true; on the other hand, determining how much of defendant's average monthly expenses should be treated as reasonable in arriving at her disposable income requires an exercise of judgment and is therefore not a question of fact but a conclusion of law, which should be supported by findings. G.S. 1A-1, Rule 52(a); G.S. 50-13.4(b); G.S. 50-13.4(c).

2. **Divorce and Alimony §§ 24.1, 24.9— child support—defendant's disposable income—findings inadequate**

    A child support order requiring defendant to contribute one-fourth of the amount necessary for her child's support was remanded where defendant's disposable income was one of the factors relied upon by the trial judge in determining defendant's proportionate share of child support and the facts underlying this determination were not stated in appropriate findings.

3. **Divorce and Alimony §§ 24.1, 24.9— child support—use of formula—must be used accurately**

    The trial court did not abuse its discretion by applying a formula to determine defendant's share of child support, but the formula used cannot be applied without some degree of mathematical accuracy.

    Justice VAUGHN did not participate in the consideration or decision of this case.

ON petition by plaintiff for discretionary review of a unanimous decision of the Court of Appeals, 65 N.C. App. 657, 310 S.E. 2d 51 (1983), vacating the judgment for plaintiff entered on 26 July 1982 in FORSYTH County District Court by *Tash, J.,* and

Plott v. Plott

remanding the case for further proceedings. *See* N.C. Gen. Stat. § 7A-31(c) (1981).

*Morrow & Reavis, by John F. Morrow and Clifton R. Long, Jr., for plaintiff-appellant.*

*David F. Tamer, for defendant-appellee.*

FRYE, Justice.

The primary issues involved in this appeal are whether a trial court during a child support hearing must make factual findings to support its conclusion that only a part of the expenses claimed by a party are reasonable, and whether a trial court abuses its discretion by applying a formula to determine the non-custodial parent's proportionate share of child support. We answer the first question yes and the second question, no.

I.

Plaintiff husband and defendant wife were married on 11 January 1964 and divorced almost seventeen years later on 22 September 1980. One child, Timothy, was born of the marriage on 14 September 1969. Timothy has continuously been in the custody of plaintiff since the parties separated on 12 August 1979. On 26 November 1980, a consent order was entered granting custody of the child to plaintiff and granting defendant visitation privileges. On that same day, Judge William H. Freeman entered an order requiring the non-custodial mother, the defendant, to pay $135.00 monthly as child support. The plaintiff was also given possession of the couple's homeplace as part of the child support.

Defendant appealed from Judge Freeman's order and on 3 November 1981 the North Carolina Court of Appeals, in an unpublished opinion, reversed the order for child support and remanded the case for further proceedings. In its decision, the Court of Appeals quoted from and applied G.S. 50-13.4(b) (amended 1981), which made the father primarily responsible for support of his children. The Court of Appeals concluded that the trial court erred in compelling defendant to share in supporting the child because: 1) the findings indicated her net income equaled her expenses; and 2) an inordinate proportion of the total resources, combined earnings, and the residence of the parties was allocated to the plaintiff and child.

Plott v. Plott

At a second hearing on 7 July 1982, before Judge Gary B. Tash, defendant was ordered to pay $150.00 a month child support, commencing 1 October 1982 and retroactive child support from 18 June 1981 totaling $1,687.50.

Judge Tash, after considering all the evidence contained in the parties' financial affidavits and their limited oral testimony, made certain findings of facts and conclusions of law. Contained in Judge Tash's order are the following relevant findings and conclusions:

(5) The gross income of the plaintiff is $2,916.67 per month; that the plaintiff's net income after taxes is $1,980.65; that the reasonable living expenses of the plaintiff, including payments due on the outstanding loans, are $1,114.25 per month; that the available income of the plaintiff over and above his reasonable expenses is approximately $886.00 per month;

(6) The gross income of the defendant is $1,285.00 per month; that the defendant's net income after taxes if (sic) $957.48 per month; that the reasonable living expenses of the defendant, including payments due on outstanding loans, is $777.00 per month; that the available income of the defendant over and above her reasonable expenses is approximately $180.00 per month;

(7) The reasonable needs of the minor child of the parties for health, education and maintenance is approximately $625.00 per month . . . .

(10) . . . that the plaintiff further provides child care and homemaker contributions in the homeplace of the plaintiff and minor child of a value of approximately $130.00 per month;

(12) The relative ability of the plaintiff to provide support for the minor child of the parties is approximately four times the ability of the defendant to provide said support;

(13) Neither party presented evidence concerning his or her estate, and the Court, therefore, did not take into consideration the estates of the parties in entering its order herein;

Plott v. Plott

(14) The reasonable expenses of the parties and the child referred to above represent expenses that are consistent with the accustomed standard of living of the child and the parties prior to the separation of the parties;

(15) In ordering the defendant to provide financial support for the minor child of the parties, the Court should and has taken into consideration the value of the defendant's interest in the former homeplace of the parties and the household and kitchen furnishings located in said former homeplace, for which the plaintiff is being granted a writ of possession;

Based upon the foregoing findings of fact, the Court makes the following conclusion of law:

(1) Taking into consideration the reasonable needs of the minor child for health, education and maintenance and having due regard to the earnings, conditions, accustomed standard of living of the child of (sic) the parties, the child care and homemaker contributions of each party, and other facts of this particular case, including, *inter alia*, the fact that the plaintiff is being awarded a writ of possession of the former homeplace of the parties and the household and kitchen furnishings therein as part of the order of child support herein, the defendant should be ordered to pay child support into the Office of the Clerk of Superior Court of Forsyth County, North Carolina, in the amount of $150.00 per month to the (sic) disbursed to the plaintiff at Post Office Box 276, Clemmons, North Carolina, 27012.

(4) Taking into consideration the reasonable needs of the minor child for health, education and maintenance and having due regard to the earnings, conditions, accustomed standard of living of the child of (sic) the parties, the child care and homemaker contributions of each party, and other facts of this particular case, the defendant should be ordered to pay $135.00 per month retroactive support payments, a total of $1,687.50 for 12½ months, on or before the 17th day of September, 1982;

It was also stipulated between the parties that the plaintiff would be awarded a writ of possession of the former homeplace

and all household and kitchen furnishings located therein and that this property would be considered as part of the child support.

Again, the defendant appealed to the Court of Appeals. For reasons explained hereafter, that court vacated Judge Tash's order and remanded the cause for further proceedings not inconsistent with its opinion. *Plott v. Plott*, 65 N.C. App. 657, 310 S.E. 2d 51 (1983). Additional facts deemed relevant to our resolution of the issues before us will be incorporated in this opinion.

II.

The issues raised by the plaintiff generally relate to the appropriateness of the amount of child support to be paid by the mother, who is the non-custodial parent. Before considering this question, some attention must be devoted to the law that governs actions for support of a minor child. The Court of Appeals correctly concluded that at the time of the second hearing G.S. 50-13.4(b) (Cum. Supp. 1981) imposed primary liability upon both the father and mother to support a minor child.[1] That statute, in pertinent part, states:

> (b) In the absence of pleading and proof that the circumstances otherwise warrant, the father and mother shall be primarily liable for the support of a minor child . . . . Such other circumstances may include, but shall not be limited to, the relative ability of all the above-mentioned parties to provide support or the inability of one or more of them to provide support, and the needs and estate of the child.

---

1. Prior to the statutory amendments to G.S. 50-13.4 in 1981, the father had the primary duty of support, while the mother's duty was only secondary. In cases decided under the prior version of 50-13.4(b), the courts softened the financial burden placed on fathers by reading subsections (b) and (c) to G.S. 50-13.4 together. These companion subsections were interpreted as contemplating a "mutuality of obligation on the part of both parents to provide material support for their minor children where circumstances preclude placing the duty of support upon the father alone." *Coble v. Coble*, 300 N.C. 708, 711, 268 S.E. 2d 185, 188 (1980). Prior case law interpreted this statute as requiring the trial court to first find that the father alone could *not* make the entire payment before the mother could be required to contribute. *In re Register*, 303 N.C. 149, 277 S.E. 2d 356 (1981). Practically all states have imposed on mothers an equal duty to support. *See,* Hunter, *Child Support Law and Policy: The Systematic Imposition of Costs on Women,* 6 Harv. Women's L.J. 1 (1983); Comment, *Child Support: His, Her or Their Responsibility?* 25 DePaul L. Rev. 707 (1976).

The judge may enter an order requiring any one or more of the above-mentioned parties to provide for the support of the child as may be appropriate in the particular case . . . .

Today, the equal duty of both parents to support their children is the rule rather than the exception in virtually all states. H. Krause, *Child Support in America: The Legal Perspective* 4-5 (1981). "[T]he parental obligation for child support is not primarily an obligation of the father but is one shared by both parents." *Rand v. Rand*, 280 Md. 508, 516, 374 A. 2d 900, 905 (1977); *see generally* Kurtz, *The State Equal Rights Amendments and Their Impact on Domestic Relations Law*, 11 Fam. L. Q. 101 (1977-78) (discussing ramifications of the equal duty of support on the mother). This equal duty to support, however, does not impose upon both parties an equal financial contribution when such an allocation would be unfair or place too great a burden on a party. *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976). In fact, it has been recognized that the equal duty to support does not necessarily mean the amount of child support is to be automatically divided equally between the parties. "Rather, the amount of each parent's obligation varies in accordance with their respective financial resources." *German v. German*, 37 Md. App. 120, 123, 376 A. 2d 115, 117 (1977).

The amount of each party's contribution to child support is generally determined by the judge on a case-by-case basis. The judge must evaluate the circumstances of each family and also consider certain statutory requirements in fixing the amount of child support. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). G.S. 50-13.4(c) mandates that the trial judge consider the following factors in setting child support amounts:

> (c) Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

To comply with G.S. 50-13.4(c), the order for child support must be premised upon the interplay of the trial court's conclusions of law as to the amount of support necessary "to meet the

reasonable needs of the child" and the relative ability of the parties to provide that amount. *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). To support these conclusions of law, the court must also make specific findings of fact so that an appellate court can ascertain whether the judge below gave "due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." G.S. 50-13.4(c); *Coble*, 300 N.C. 708, 268 S.E. 2d 185. Such findings are necessary to an appellate court's determination of whether the judge's order is sufficiently supported by competent evidence. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967). If the record discloses sufficient evidence to support the findings, it is not this Court's task to determine *de novo* the weight and credibility to be given the evidence contained in the record on appeal. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29 (1968).

The judge's consideration of the above factors contained in G.S. 50-13.4(c) is not guided by any magic formula. Bruch, *Developing Standards for Child Support Payments: A Critique of Current Practice*, 16 U.C.D. L. Rev. 49 (1982); Franks, *How to Calculate Child Support*, 86 Case & Com. 1 (1981). Computing the amount of child support is normally an exercise of sound judicial discretion, requiring the judge to review all of the evidence before him. Absent a clear abuse of discretion, a judge's determination of what is a proper amount of support will not be disturbed on appeal. *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976). In exercising sound judicial discretion, a trial judge is guided by the following general principles:

> By the exercise of his discretion, a judge ought not to arrogate unto himself arbitrary power to be used in such a manner so as to gratify his personal passions or partialities. (Citation omitted.) . . . A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason. (Citation omitted.)

*Clark v. Clark*, 301 N.C. 123, 128-29, 271 S.E. 2d 58, 63 (1980).

With these general legal principles to guide us, we shall now consider plaintiff's arguments regarding defendant's contribution to child support.

---

---

III.

[1]  Plaintiff contends that the Court of Appeals was incorrect in its holding that the trial judge erroneously rejected certain listed expenses claimed by the defendant. The Court of Appeals concluded that finding of fact number (6) was not specific enough to indicate why, under the circumstances, certain of defendant's itemized personal expenses were unreasonable and consequently rejected by the judge. The trial court found as a fact the following:

|  | Plaintiff | Defendant | Child |
|---|---|---|---|
| Gross Income | $2,916.67 | $1,285.00 | |
| Net Income (After Taxes) | 1,980.65 | 957.48 | |
| Reasonable Living Expenses (Includes Outstanding Loan Payments) | 1,114.25 | 777.00 | |
| Available Income[2] (After Reasonable Expenses) | 886.00 | 180.00 | |
| Reasonable Needs | | | 625.00 |

The record does not contain a mathematical worksheet reflecting the amounts that were allowed or disallowed by the judge for reasonable living expenses. The Court of Appeals examined the record and explained how the trial court apparently arrived at its figures:

A close examination of the record indicates that the trial court arrived at these figures by using the gross income figures supplied by the parties and then adding their indicated deductions for loans, savings, and retirement back into the net income figure supplied by the parties, but later subtracting these items again as part of the parties' reasonable monthly expenses. However, while the trial judge apparently accepted all of plaintiff's listed expenses as reason-

---

2. We will refer to this amount as "disposable income," although the Court of Appeals labels it "discretionary income." This amount equates to net income after deducting reasonable personal expenses.

able, including his payroll savings deductions of $175.00 per month, only $567.00 of defendant's listed expenses of $747.00 were found to be reasonable. Without a specific finding of fact indicating why, under the circumstances, defendant's itemized personal expenses were not reasonable, this Court cannot adequately make its determination whether the order predicating the amount of liability upon an analysis of the balance sheets of the respective parties is adequately supported by competent evidence.

*Plott*, 65 N.C. App. at 655, 310 S.E. 2d at 56.

In our quest to accurately determine whether the trial court did arrive at its figures as the Court of Appeals explains and to correctly identify the amount of defendant's personal expenses accepted by the trial judge as reasonable, we have conducted an independent analysis of the parties' income and expense statements. It is certain that the trial court, in arriving at its figures, did base its calculations on the affidavits and brief oral testimony presented by the parties to supplement their affidavits. These affidavits disclose the following pertinent data:

### Plaintiff

| | | |
|---|---|---|
| Gross Wages | | $2,916.67 |
| Taxes and Social Security | $936.02 | |
| Loans (Includes Auto) | 285.76 | |
| Others (Specify) Bell | | |
| Systems Savings | 175.00 | |
| Net Wages | | $1,519.89 |
| Total Expenses | 828.76 | |

### Defendant

| | | |
|---|---|---|
| Gross Wages | | $1,285.00 |
| Taxes and Social Security | $327.42 | |
| Retirement | 100.00 | |
| Loans | 100.00 | |
| Others | 10.36 | |
| | 1.00 | |
| Net Wages | | $ 746.12 |
| Total Expenses | 747.00 | |

Not having the actual mathematical computations used by the judge in determining his factual findings places both this Court and the Court of Appeals at an obvious disadvantage. Without the judge's computations, we can, as did the Court of Appeals, only speculate as to how the trial judge arrived at the final figures contained in the judgment. We have carefully reviewed and analyzed the figures contained in the record. Our computations indicate that the Court of Appeals was inaccurate in its explanation in the following respects:

1. Both parties' net income was found by subtracting taxes and social security from the gross income, not by adding to and subtracting from the gross income certain items listed by the Court of Appeals.

|                | Plaintiff   | Defendant   |
|----------------|-------------|-------------|
| Gross          | $2,916.67   | $1,285.00   |
| Taxes & Soc. Sec. | 936.02   | 327.42      |
| Net Income     | $1,980.65   | $ 957.58*   |

*The trial court's figure of $957.48 apparently contains a slight mathematical error of 10 cents.

2. The reasonable expenses of plaintiff did not include, as the Court of Appeals states, plaintiff's payroll deductions of $175.00 per month. Instead, plaintiff's reasonable expenses are comprised of his listed expenses and his outstanding loan payment, calculated as follows:

|                                 |            |
|---------------------------------|------------|
| Listed Expenses Accepted as Reasonable | $ 828.76 |
| Loan(s)                         | 285.76     |
| Total Reasonable Living Expenses | $1,114.52* |

*The trial court's figure of $1,114.25 apparently contains a transpositional error.

3. The trial court accepted $677.00 of defendant's listed expenses as reasonable, a sum appreciably greater than presumed by the Court of Appeals. This sum together with her outstanding loan payment were thus combined to equal her total reasonable living expenses as follows:

Plott v. Plott

| | |
|---|---|
| Listed Expenses | $677.00 |
| Accepted as Reasonable | |
| Loan(s) | 100.00 |
| Total Reasonable Living Expenses | $777.00 |

Contrary to the Court of Appeals' determination that "only $567.00 of defendant's listed expenses of $747.00 were found to be reasonable," the trial court instead accepted $677.00 of defendant's listed expenses of $747.00 as reasonable. This indicates that the court rejected $70.00 of defendant's listed expenses instead of the $180.00 figure projected by the Court of Appeals.

In *Coble*, this Court wrote:

> We note moreover that before liability or need may be predicated upon an analysis of the balance sheets of the respective parties, the trial court should be satisfied that the personal expenses itemized therein are reasonable under all the circumstances. We mention this consideration simply to remind the trial bench that a party's mere showing that expenses exceed income need not automatically trigger the conclusion that the expenses are reasonable, or that the party is incapable of providing support and in need of additional assistance. Indeed, the very fact that a party has a support obligation should always bear on the 'reasonableness' of that party's personal expenses. *See, e.g., County of Stanislaus v. Ross*, 41 N.C. App. 518, 255 S.E. 2d 229 (1979). In the absence of contrary indications in the record, however, an appellate court will normally presume that a party's personal expenditures have been deemed reasonable by the trial judge. While a lack of a specific conclusion as to reasonableness will not necessarily be held for error, the better practice is for the order to contain such a conclusion.

*Coble*, 300 N.C. at 714, 268 S.E. 2d at 190.

The judge in his orders specifically found that the reasonable living expenses of the defendant, including payments due on outstanding loans, were $777.00 per month. "This 'finding' is more properly denominated a conclusion of law, since it states the legal basis upon which defendant's liability may be predicated under the applicable statute(s), . . ." *Coble*, 300 N.C. at 713, 268 S.E. 2d at 189. To support this conclusion of law, there must be factual

findings specifically made by the trial judge. *See* N.C. Gen. Stat. 1A-1, Rule 52(a). Although Rule 52(a) does not require a recitation of the evidentiary and subsidiary facts required to prove the ultimate facts, it does require specific findings of the ultimate facts established by the evidence, admissions, and stipulations that are determinative of the questions involved in the action and essential to support the conclusions of law reached. *Quick*, 305 N.C. 446, 290 S.E. 2d 653.

We note that the evidence before the court tended to show that plaintiff's monthly living expenses were $1,114.52, a sum that included $285.76 per month for plaintiff's outstanding loan payment. The trial judge found that plaintiff's reasonable living expenses were $1,114.25 per month, an amount virtually equal to that shown by plaintiff's evidence. If read as a conclusion of law, that all of plaintiff's listed expenses were reasonable, then the failure to make a specific finding of fact as to plaintiff's actual monthly expenses is unobjectionable.

On the other hand, the evidence before the court tended to show that defendant's monthly living expenses were $847.00, a sum that included $100.00 per month for her outstanding loan payment. However, the trial judge's "finding" that only $777.00 of defendant's claimed monthly living expenses are reasonable represents either an implicit finding of fact that defendant had no other expenses, which appears contrary to the evidence presented, or a conclusion of law that the other expenses claimed were not reasonable. It thus becomes important for the trial judge in this case to make explicit findings of fact as to defendant's monthly living expenses as a basis for the conclusion of law that only a part of those expenses are reasonable. The finding of fact that defendant's average monthly expenses are a certain amount requires only that the trial judge resolve any conflicts in the evidence and state what he finds to be true. On the other hand, determining how much of defendant's average monthly expenses should be treated as reasonable in arriving at her disposable income requires an exercise of judgment and is therefore not a question of fact but a conclusion of law. Since this conclusion of law is not supported by any finding of fact, the cause must be remanded for additional factual findings. *Coble*, 300 N.C. 708, 268 S.E. 2d 185.

## IV.

**[2]**  Plaintiff next contends that the Court of Appeals was incorrect in finding that the trial court abused its discretion in ordering defendant to contribute to child support when such an award failed to reflect the relative abilities and hardship to each party. Specifically, the Court of Appeals held that the order requiring the defendant to contribute one-fourth of the amount necessary for the child's support constitutes an abuse of discretion because of the striking discrepancy in the parties' respective abilities to provide support under the facts of the case.

The Court of Appeals is correct that equal legal duty to support pursuant to G.S. 50-13.4(b) does not impose an equal financial contribution by both parties. However, we are not prepared to say that the trial court abused its discretion solely because defendant was ordered to pay a proportionate share of the child's needs, based on a comparison of the disposable incomes of the parties. "[T]he ability of the supporting spouse to pay is ordinarily determined by his or her income at the time the award is made." *Quick*, 305 N.C. 446, 453, 290 S.E. 2d 653, 658. Although the relative ability of the parties to contribute should not depend solely and exclusively on the parties' income, we consider the court's use of the parties' disposable income (net income after deducting personal expenses) to fairly reflect the relative abilities of the parties to contribute proportionately to support of the child. Furthermore, we do not agree that the proportionate amount of defendant's disposable income to be contributed to child support places a greater hardship on her simply because the plaintiff's disposable income approximates the defendant's entire net income. Indeed, the trial court's ratio established by the final disposable income figures should reflect the relative abilities of the parties to contribute to child care costs, rather than an amount based on gross income alone.

The Court of Appeals and defendant cite *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963) to support their position that it is an abuse of discretion to require defendant to contribute one-fourth of the $625.00 needed by the child. *Fuchs* does not persuade this Court to adopt this position. The trial court in that case based the amount of child support on the non-custodial parent's net pay after deductions, apparently without allowing any

credit for defendant's living expenses. Additionally, the court did not consider the reasonable needs of the children. The trial court did not base the non-custodial parent's contribution to child support upon his ability to pay or upon the needs of the children. That is not the case here. In the case *sub judice*, the court did take into consideration the non-custodial parent's living expenses and the child's needs prior to determining the proper amount of child support to be contributed by the defendant.

Other cases cited in the Court of Appeals' opinion and the defendant's brief are also not analogous to the case before us. In those cases, as in *Fuchs*, the trial court did not refer to nor consider the non-custodial parent's living expenses before computing that parent's contribution to child support. The trial court in both cases based its child support award on defendant's salary, without deducting *any* of defendant's expenses. *Martin v. Martin*, 263 N.C. 86, 138 S.E. 2d 801 (1963); *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976). In an additional case cited in defendant's brief and throughout the Court of Appeals' opinion, the trial court's finding of fact listed defendant's living expenses as $510.00 per month, an amount in excess of the defendant's listed monthly net income of $483.32 per month, a fact which, on its face, tended to negate the conclusion that the defendant (non-custodial) parent was capable of providing support. *Coble*, 300 N.C. 708, 268 S.E. 2d 185. In the present case, however, "finding of fact" number (6) lists defendant's reasonable expenses as $777.00 per month and income as $957.48 per month, which does not on its face reflect a deficit balance or an incapability of the non-custodial parent to provide any support.

The Court of Appeals viewed plaintiff's possession and use of the homeplace and the personal possessions within the home to be further evidence of the trial court's failure to give "due regard to the earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of this particular case." However, we note that the parties stipulated that the plaintiff should be awarded possession of the homeplace and the household and kitchen furnishings therein. Furthermore, the court in finding of fact number (15) specifically states that due regard was given to the defendant's interest in the homeplace and the personal possessions. Finding of fact number (10) states that the court placed

a value of $130.00 per month on the contributions made by plaintiff in the form of child care and homemaker contributions in the homeplace. G.S. 50-13.4(c) recognizes that a party's contribution to child support may consist of factors other than direct monetary contributions. "All such forms of indirect support must be included in determining the just and proper contribution of a parent toward the support and welfare of the child." *Smith v. Smith*, 290 Or. 675, 678, 626 P. 2d 342, 344 (1981). This fact indicates that the judge could have viewed plaintiff's indirect additional contribution to child support as a factor to justify and offset plaintiff's use and possession of defendant's interest in the homeplace.

As noted earlier in this opinion, the trial court failed to make adequate factual findings to support its conclusion of the reasonableness of defendant's expenses. Since defendant's expenses were deducted from her net income in order to determine her disposable income, it stands to reason that the correctness of the trial judge's "findings" regarding defendant's reasonable expenses will necessarily have an impact upon defendant's amount of disposable income. This disposable income amount was one of the factors relied upon by the trial judge in determining defendant's proportionate share of child support. However, since the facts underlying this determination were not stated in appropriate and adequate findings of fact that enable an appellate court to ascertain that the amount ordered was within the trial court's discretion, *Quick*, 305 N.C. 446, 290 S.E. 2d 653, the case must be remanded in order that such findings can be made.

V.

[3]   Finally, plaintiff challenges the Court of Appeals' conclusion that the use of a mathematical formula by the trial court constitutes an abuse of discretion. The trial court determined that plaintiff's disposable income of $886.00 was approximately four times that of defendant's disposable income of $180.00; and therefore, apparently based on this ratio, defendant was responsible for approximately one-fourth of the child's monthly needs of $625.00, or $150.00 a month. The plaintiff's responsibility for support constituted the balance of support for the child's needs. The Court of Appeals stated, "Such a calculation can hardly be considered an exercise of 'discriminating judgment within the bounds of reason.'" *Plott*, 65 N.C. App. 657, 667, 310 S.E. 2d 51, 57.

Commentators generally agree, "[N]o precise formula exists to assist the court in determining a fair support award, and the uniqueness of each divorce renders a precedent almost valueless." Note, *Inflation-Proof Child Support Decrees: Trajectory to a Polestar*, 66 Iowa L.R. 131, 135 (1980); *see generally* Bruch, *supra* (containing a discussion of formulae for allocating support costs when parties are in unequal financial positions to contribute to the child support); Note, *Smith v. Smith: No Magic Formula for Determining Child Support Payments of the Non-Custodial Parent*, 18 Williamette L.R. 353 (1982). Although no precise formula has been hailed as a panacea, some courts have endorsed the use of a formula for determining the amount of child support to be awarded. *Melzer v. Witsberger*, 505 Pa. 462, 480 A. 2d 991 (1984) (plurality opinion) (mandating the trial courts' use of a defined formula); *Smith v. Smith*, 290 Or. 675, 626 P. 2d 342 (1981) (fractional shares based on parents' gross income); *Rand v. Rand*, 280 Md. 508, 374 A. 2d 900 (1977) (fractional shares based on parents' disposable income). Additionally, the use of a formula has been recognized by the courts and commentators as an effective uniform means of allocating the burden of child support proportionately between the parents in accordance with their respective financial resources. *Rand*, 280 Md. 508, 374 A. 2d 900; *Smith*, 290 Or. 675, 626 P. 2d 342; Bruch, *supra*. Interestingly, the Court of Appeals in *Hamilton v. Hamilton*, 57 N.C. App. 182, 290 S.E. 2d 780 (1982) made the following enlightened comments about this same topic:

> We note that plaintiff has set forth in her brief two possible formulas by which the amount of child support could be determined according to objective criteria. These formulas, based on guidelines appearing in professional publications, do not appear in the record and therefore cannot be considered on appeal. Nevertheless, the Court wishes to lend its approval to the employment of such guidelines by many trial courts and to encourage their use by others. A review of case law underscores the total lack of consistency in the amount of child support awarded by courts. Moreover, the route by which the court arrived at a particular award is too often impossible to fathom.

> . . . .

> Employment of a standard formula . . . would take into account the needs and resources of the parents, as well as the needs of the children, and would result in fair apportionment of responsibility in the majority of cases.

The employment by the trial judge of a formula based on a ratio established by the parties' disposable income figures seems a fair method to apply so that parents can share equally the responsibility for supporting their children. The judge's use of a ratio seems to be supported by logic and reason, based upon simple mathematics rather than simple guesswork. Therefore, we agree with plaintiff that the trial court did not abuse its discretion in applying a formula for determining defendant's share of child support.

Although the use of such a formula does serve as a convenient guideline in assisting the trial judge in fairly calculating child support awards, the formula used cannot be applied without some degree of mathematical accuracy. The plaintiff's disposable income, whether $886.00 or $866.40,[3] is closer to five times the defendant's disposable income of $180.00 rather than four times, as found by the trial judge. Thus, following the trial judge's reasoning as reflected in the judgment, the relative ability of the plaintiff to pay is closer to five times that of defendant, rather than four times. Since this fact could have a significant impact upon defendant's financial contribution to support of the child, upon remand, the trial judge should include this fact in his consideration.

The Court of Appeals declined to reach the issue concerning the amount of defendant's retroactive child support, since the calculations were to be redetermined anew upon retrial. Although our remand does not necessarily require a new trial, defendant should be afforded an opportunity to be heard on the question of whether the amount of arrearages is affected by this decision.

---

3. While performing our calculations, we note that the trial court specifically found that plaintiff's approximate disposable income is $886.00 per month. The amount of disposable income should be the difference between plaintiff's net income after taxes of $1,980.65 and plaintiff's reasonable expenses of $1,114.25, which is $866.40, an amount approximately $20.00 less than the court's figure of $886.00. This may have been a mathematical error on the part of the trial judge.

This cause is remanded to the Court of Appeals for further remand to the District Court, Forsyth County, for additional factual findings to support the trial judge's conclusions regarding the reasonable expenses of the defendant, for a determination as to whether the mathematical miscalculations of the trial judge affected the amount of child support ordered, and for further action not inconsistent with this opinion.

Reversed in part; affirmed in part; modified and remanded.

Justice VAUGHN did not participate in the consideration or decision of this case.